**STATE ex rel. Larry LIMBACK, Relator,**

v.

**Honorable Carl GUM, Respondent.**

**No. WD 50035.**

Missouri Court of Appeals,
Western District.

March 28, 1995.

Page Bellamy, Sedalia, for relator.

Jeff A. Mittelhauser, Pros. Atty., Pettis County, Sedalia, for respondent.

Before BRECKENRIDGE, P.J., and ULRICH and SPINDEN, JJ.

BRECKENRIDGE, Presiding Judge.

Relator Larry Limback filed a petition in prohibition to prevent respondent, the Honorable Carl Gum, Judge of the Circuit Court of Cass County, from proceeding with a probation revocation hearing. Relator contends that respondent is without jurisdiction to revoke his probation because its five-year term has already expired. This court issued a preliminary order in prohibition and such order is now made permanent.

On December 8, 1986, relator pleaded guilty to one felony count of selling a controlled substance. At the ensuing sentencing hearing on April 27, 1987, the imposition of relator's sentence was suspended, and he was placed on probation for a period of five years.

On September 10, 1987, respondent received a report of relator's first probation violation. Relator appeared before respondent on March 14, 1988, and admitted to violating a number of terms of his probation. Relator's probation was revoked, and he was sentenced to a five-year term of imprison-

ment. The execution of his sentence was suspended, and he was again placed on probation for five years. On November 6, 1990, respondent received a report of a second probation violation. In a docket entry dated November 26, 1990, respondent purported to toll the running of relator's probationary period, and ordered the clerk to issue a capias warrant for relator. Relator was served with the capias warrant on March 29, 1993, and appeared before respondent on June 14, 1993. Respondent did not revoke relator's probation, but instead imposed a special condition of probation which ordered relator to enter and successfully complete a federal halfway-house program.

On November 2, 1993, respondent received a report of a third probation violation. In a docket entry dated November 22, 1993, respondent again purported to toll the running of relator's probationary period, and ordered the clerk to issue a capias warrant for relator. On August 13, 1994, relator was served with the capias warrant, and was taken into custody.

Relator filed a motion to be discharged from probation, which was denied by respondent on September 12, 1994. Respondent scheduled a probation revocation hearing for October 11, 1994, which was stayed by this Court's preliminary order in prohibition, which was issued on that date.

Relator now contends that the preliminary order should be made permanent because respondent is without jurisdiction to revoke his probation, since his term of probation expired on April 27, 1992, five years after the date of his sentencing. Relator argues that, despite respondent's docket entries purporting to "toll" his period of probation, respondent was actually without authority to extend his probation beyond a statutorily-mandated maximum duration of five years.

Rule 29.07 provides that a court may revoke probation "upon compliance with Section 559.036, RSMo, but not otherwise." Section 559.036.2, RSMo 1994, authorizes a

court to extend the term of a defendant's probation, but also requires that any such extension "shall not exceed the maximum term established in section 559.016." [1] The maximum term of probation for a felony, as established in Section 559.016.1(1), RSMo 1994, is "not to exceed five years."

The above provisions clearly establish that the maximum time which relator could be placed on probation was five years. Relator's probation was imposed on April 27, 1987 and therefore, as expressly provided in § 559.036.1, RSMo 1994, his term of probation commenced on that day. Consequently, relator's probationary period expired by operation of law on April 27, 1992. Thereafter, respondent did not have jurisdiction over relator "for any purpose, whether to cite him for probation violations, revoke probation, or order execution of the sentence previously imposed." *State ex rel. Musick v. Dickerson*, 813 S.W.2d 75, 77 (Mo.App.1991).

The one exception to a trial court's loss of jurisdiction at the end of the probationary period is set out in § 559.036.6, RSMo 1994, which provides that:

The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

Respondent contends that his issuance of capias warrants after relator's second and third probation violations were acts which triggered the application of this section, thus extending his power to revoke relator's probation beyond the end of its duration.

On November 26, 1990, when respondent ordered the clerk to issue a capias warrant

---

1. A 1989 amendment to § 559.036.2 substituted "shall not exceed the maximum term established in section 559.016" for "may not exceed five years." Respondent imposed sentence upon relator prior to the 1989 amendment. However, the change in language had no effect upon the statute's application to relator; in either version, the maximum duration for relator's term of probation is five years.

after relator's second probation violation, the five-year statutory limit on relator's period of probation had not already expired. Therefore, pursuant to § 559.036.6, RSMo 1994, respondent's issuance of the warrant could have served to extend his jurisdiction beyond the five-year statutory limit, which did expire on April 27, 1992. *See, Wesbecher v. State,* 863 S.W.2d 2, 5 (Mo.App.1993). However, even if respondent maintained such jurisdiction on June 14, 1993, when he held a probation revocation hearing on relator's second probation violation, that jurisdiction ended upon adjudication of the matter which arose before the expiration of the probationary period. As a result of the five-year maximum term of probation, respondent was without jurisdiction to enter an order continuing relator on probation after the hearing.

On November 22, 1993, when respondent ordered the clerk to issue a second capias warrant on the occasion of relator's third probation violation, the five-year statutory limit on relator's period of probation had already expired seven months earlier. Therefore, according to the express requirements of § 559.036.6, RSMo 1994, it was impossible for respondent's act of issuing the warrant to have the effect of extending his jurisdiction to revoke relator's probation.

In other words, respondent retained jurisdiction to revoke relator's probation after the probationary period ended on April 27, 1992 "only if the violation occurred *and* the formal revocation procedures were initiated during the probationary period." *Wesbecher,* 863 S.W.2d at 5 (quoting *State v. Forest,* 753 S.W.2d 87, 87 (Mo.App.1988) and citing § 559.036.6). The final revocation proceedings were not commenced until the second warrant was issued on November 22, 1993, seven months after the probationary period ended; therefore, any action taken by respondent after that date is absolutely void. *Id.*

In response to this chronological barrier to jurisdiction, respondent contends that relator's probationary period did not really expire on April 27, 1992, because the running of the probationary period was "tolled" from November 26, 1990 through March 29, 1993, and from November 22, 1993 through August

13, 1994, when relator was subject to outstanding capias warrants. Respondent, however, cites no legal authority in support of his summary contention that the running of the probationary period can somehow be "tolled" by such circumstances. Thus, respondent has shown no reason why the permanent writ should not issue.

Although not argued by respondent, it is recognized that in *Musick,* 813 S.W.2d at 76, the records of the circuit court indicated that probation had been suspended for a period of ninety-six days. This court, in computing the maximum term of probation under § 559.036, RSMo 1989 Cum.Supp., incorporated the ninety-six day suspension into its computation by holding the maximum term was five years and ninety-six days. But the issue of whether a court has authority to suspend or toll the term of probation was not raised in *Musick;* therefore, this court made no explicit judgment upon the propriety of the circuit court's action. Nor did this court make an implicit judgment upon the propriety of the circuit court's action, as this court's ruling that the circuit court was without jurisdiction to adjudicate whether Mr. Musick had violated his probation was not influenced by whether or not the ninety-six day period was included in the computation. The proceedings were initiated beyond the maximum term of probation regardless of the treatment of the ninety-six days. *See id.* Therefore, the treatment of the ninety-six days in *Musick* is pure dictum, and does not constitute precedent on the issue before the court in the case at bar. "A judicial opinion should be read in the light of the facts pertinent to that particular case and it is improper to give permanent and controlling effect to casual statements outside the scope of the real inquiry of the case." *Union Elec. v. Platte–Clay Elec.,* 814 S.W.2d 643, 648 (Mo.App. 1991).

Accordingly, this Court's preliminary writ in prohibition is made permanent.

All concur.