**Barry L. JORDAN, Relator,**

v.

**Honorable Patrick FLYNN, Respondent.**

No. 68258.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 25, 1995.

Kent W. Fanning, Linda S. Robinson, St. Peters, for relator.

G. John Richards, Pros. Atty., Lincoln County, Troy, for respondent.

KAROHL, Judge.

Relator, Barry Jordan, filed a petition for writ of prohibition to prevent respondent, the Honorable Patrick Flynn, Associate Circuit Judge of Lincoln County, from proceeding with a probation revocation hearing. Relator contends respondent lacks jurisdiction to revoke his probation because its two-year term limit expired before a request for revocation was filed. This Court issued a preliminary order in prohibition to determine, as a matter of law on undisputed facts, whether respondent circuit judge has jurisdiction to hold a probation revocation hearing. We hold there is no jurisdiction.

On February 11, 1992, Relator was placed on two-year supervised probation for the misdemeanor violation of Driving While Intoxicated First Offense. On March 30, 1992, respondent "suspended" Relator's probation due to alleged violations of the conditions of probation. The court held a hearing. Relator admitted violating the conditions of probation. The court sentenced Relator to

serve fifteen days of "shock time" commencing November 11, 1992.

On March 29, 1994, Relator was arrested again for Driving While Intoxicated. He pled guilty. On May 24, 1994, respondent entered an order "suspending" his probation. Relator failed to respond to the order and subsequent warrants for his arrest were issued. After numerous continuances, he appeared before respondent and argued the circuit court lacked jurisdiction to revoke his probation since his term of probation expired on February 11, 1994. On April 25, 1995, respondent denied his request for discharge from probation. Respondent scheduled a sentencing hearing for May 9, 1995, which was stayed by this Court's preliminary order in prohibition issued May 22, 1995.

Relator contends the preliminary order should be made permanent because respondent is without jurisdiction to revoke his probation since his term of probation expired on February 11, 1994, two years after the date of his sentencing. Rule 29.07(f) provides that a court may revoke probation "upon compliance with Section 559.036, RSMo, but not otherwise." Section 559.036.2 RSMo 1994 authorizes that the court may extend the term of probation but the total time on probation including any extension shall not exceed the maximum term established in § 559.016.1. That section together with § 559.016.3 establish a maximum term of probation for a misdemeanor as not to exceed two years.

The Western District of this court recently resolved the issue presented in this case in *State ex re. Larry Limback v. Honorable Carl Gum*, 895 S.W.2d 663 (Mo.App.W.D. 1995). In *Limback*, the court held that the above provisions clearly establish the maximum time for which a person could be placed on probation.

Limback was placed on five-years probation for one felony count of selling a controlled substance commencing on April 27, 1987, the date the probation was imposed. Consequently his probationary period expired by operation of law on April 27, 1992. Thereafter, respondent lost jurisdiction over relator "for any purpose, whether to cite him for probation violations, revoke probation, or order execution of the sentence previously imposed." *Limback*, at 664. Thus, the circuit court lacked jurisdiction on November 22, 1993 to enter an order continuing relator's probation since the five-year period expired on April 27, 1992. *Id.*

Here, Relator's probationary period began on February 11, 1992. For a misdemeanor, it expired by operation of law two years later on February 11, 1994. Respondent lost jurisdiction over Relator on that date. Thus, the circuit court's order on May 24, 1994, on a request for revocation filed after February 11, 1994, in response to a subsequent arrest for DWI on March 29, 1994, was unenforceable.

The only exception to a trial court's loss of jurisdiction at the end of the probationary period is set out in § 559.036.6 RSMo 1994. Section 559.036.6 states:

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period....

A court retains jurisdiction in such cases therefore "only if the violation occurred and the formal revocation procedures were initiated during the probationary period." *Limback*, at 665. Here, the violation occurred a month after the probationary period expired and no action was taken on it until May 24, 1994. The exception is not applicable.

The provisional writ in prohibition is made permanent.

REINHARD, P.J., and SIMON, J., concur.