**Bruce D. ROACH, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 24181.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 18, 2002.

William J. Fleischaker, Roberts, Fleischaker, Williams, Wilson & Powell, of Joplin, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., for Respondent.

JAMES K. PREWITT, Judge.

Bruce D. Roach ("Appellant") appeals from a judgment of the Circuit Court of Jasper County denying his motion for post conviction relief pursuant to Rule 24.035. Appellant sought post-conviction relief following the second revocation of probation and execution of sentence for his conviction for felony possession of a controlled substance. Appellant claims that the judge lacked jurisdiction to order the second execution of his sentence under § 559.036.2, RSMo 1994. The State of Missouri ("Respondent") agrees that the trial court erred in denying Appellant's motion. Finding that the court did not have jurisdiction to enter the additional term of probation, we reverse its denial of Appellant's motion for post-conviction relief and order that it release Appellant.

## Facts

Appellant was sentenced to a six-year term in the Department of Corrections for the class C felony offense of possession of a controlled substance on October 31, 1994. The court suspended execution of sentence and placed Appellant on probation for a term of five years. On February 22, 1999, the court found Appellant in violation of his probation and ordered the previously imposed sentence executed. On June 2, 1999, the court entered an order pursuant to § 559.115, RSMo, which released Appellant from the Department of Corrections, and placed him on probation for a five-year period commencing July 2, 1999.

Appellant filed a motion for discharge from probation on August 15, 2000. On August 25, 2000, before the date for the hearing on the motion, the court issued a warrant for Appellant's arrest for allegedly violating conditions of his probation. On August 28, 2000, the court heard Appellant's motion for discharge from probation, which it denied. On November 13, 2000, the court held a hearing on the alleged probation violations. It revoked Appellant's probation and ordered that his sentence be executed. Appellant filed his motion for post-conviction relief on February 9, 2001. The court held a hearing on Appellant's motion on March 12, 2001. On March 13, 2001, the court issued its Findings of Fact and Conclusions of Law, denying relief. This appeal follows.

## Discussion

In his one point relied on, Appellant contends,

The trial court erred in denying Appellant['s] motion for post conviction relief because the trial court had no jurisdiction over Appellant at the time it ordered his sentence carried out due to the fact that Appellant had already served terms of probation exceeding five

years for the same conviction before the court instituted the process of attempting to revoke his probation[,] and section 559.016 RSMo when considered in conjunction with section 559.036 RSMo prohibit multiple terms of probation for the same offence which exceed five years. Appellant claims that the Circuit Court of Jasper County lost jurisdiction to revoke his probation on October 31, 1999, five years after he was first placed on probation.

 Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Brown v. State*, 33 S.W.3d 676, 678 (Mo.App.2000). The findings and conclusions of the motion court are clearly erroneous "if, after a review of the entire record, the appellate court is left with a firm impression that a mistake has been made." *Moore v. State*, 39 S.W.3d 888, 892 (Mo.App.2001).

Section 559.036.2, RSMo 1994 provides in part, "The court may extend the term of the probation, but no more than one extension of probation may be ordered. Total time on probation including any extension shall not exceed the maximum term established in section 559.016." Section 559.016.1, RSMo 1994 states that the term of probation for a felony is "not to exceed

five years" unless it was "terminated as provided in section 559.036." Section 559.016.3, RSMo 1994 provides, "The court may extend a period of probation, however, no more than one extension of any probation may be ordered. Total time on probation, including any extension, shall not exceed the maximum term as established in subsection 1 of this section."[1]

 The trial court contended in its conclusions of law that it had the authority to order a second term of probation under the current version of § 559.036.3, RSMo. That section permits the court to revoke probation and order that any sentence previously imposed be executed if a defendant violates a condition of probation, or, if imposition of sentence was suspended, to "impose any sentence available under section 557.011, RSMo." It also states, "The court may, upon revocation of probation, place an offender on a second term of probation. Such probation shall be for a term of probation as provided by section 559.016, notwithstanding any amount of time served by the offender on the first term of probation." However, the previous two sentences do not appear in § 559.036.3, RSMo 1994, the statute in effect at the time Appellant was convicted, but were added in a 1995 amendment.[2]

The trial court drew a distinction between Appellant's case and those that Appellant cited, *State ex rel. Limback v. Gum*, 895 S.W.2d 663 (Mo.App.1995) and

---

**1.** Also, the current versions of § 559.016.3 and § 559.036.2, as amended in 1995, state that the "[t]otal time on any probation term" shall not exceed the maximum permitted in § 559.016.1, instead of that the "[t]otal time on probation" shall not exceed the maximum.

**2.** Whether the amended version of the statute is to be construed retroactively in cases involving a suspended execution of sentence has not been determined. The court in *State ex rel. Wright v. Dandurand*, 973 S.W.2d 161 (Mo.App.1998), examines the new sentences in reviewing the term of probation for a de-

fendant who was convicted in 1992, but ultimately determined that defendant's probation had been impermissibly extended, so application of those sentences was not required. *Bell v. State*, 996 S.W.2d 739, 743 (Mo.App. 1999), held that "section 1.160 does not apply to prevent application of the current versions of sections 559.036 and 559.016"; however, in that case, the defendant received a suspended imposition of sentence and was placed on probation in 1992. The sentence was not imposed until 1996, when the probation was revoked due to probation violations.

*Jordan v. Flynn,* 903 S.W.2d 261 (Mo.App. 1995). *Limback* and *Jordan* both held that a judge lacks jurisdiction to extend a period of probation beyond the limits set in § 559.016. The trial court noted that those cases involved suspended impositions of sentences where as Appellant originally received a suspended execution of sentence. The court contends that it did not extend the original probationary term as occurred in *Limback* and *Jordan.* It claims that it revoked the first probation and ordered the sentence executed, and then suspended execution of sentence and ordered the second term of probation.

If an imposition of sentence is suspended, defendant is placed on probation, that probation is subsequently revoked, a sentence not previously imposed is imposed, execution of that sentence is suspended, and a new term of probation is entered, the new probationary period entered is not an extension of the original probation. *See State ex rel. Light v. Sheffield,* 768 S.W.2d 590, 592–93 (Mo.App. 1989); *State ex rel. Connett v. Dickerson,* 833 S.W.2d 471, 475 (Mo.App.1992). The court in *Light* distinguishes a suspended imposition of sentence from a suspended execution of an imposed sentence, stating "Suspension of imposition of sentence is an entirely different matter from imposing sentence and then suspending execution of it. In the first instance, the person has no criminal conviction, in the second, he does." 768 S.W.2d at 592.

Under the versions of §§ 559.016 and 559.036 in effect at the time Appellant was convicted, the court was prohibited from granting a second period of probation following a revocation that would extend beyond the five year maximum set forth in § 559.016. *See State ex rel. Musick v. Dickerson,* 813 S.W.2d 75 (Mo.App.1991) (holding that under statutes in effect at the time, a court may not by revocation and granting a second period of probation ex-tend the total time on probation beyond five years as "[t]he statutes do not speak of terms of probation but speak in plain language of the total time which may be spent on probation for a felony"). As a term of probation cannot be extended beyond five years for a felony, and because the version of § 559.036.3 in effect at the time Appellant was sentenced did not permit a second term of probation to be imposed "notwithstanding any amount of time served ... on the first term of probation," *cf.* § 559.036.3, RSMo Supp.1995, the court's jurisdiction over Appellant ceased on October 31, 1999. Therefore, the court's attempt to revoke Appellant's probation in June of 2000 was a nullity, and the court's denial of Appellant's motion for post-conviction relief was clearly erroneous.

The judgment of the trial court denying Appellant's motion for post conviction relief is reversed, the motion is sustained, and Appellant is to be released from probation.

GARRISON, P.J., and RAHMEYER, J., concur.