# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3129

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Edward James Gleason, Jr., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 17, 2002

Filed: April 23, 2002

_____

Before HANSEN, Chief Judge, BRIGHT and FAGG, Circuit Judges.

_____

PER CURIAM.

Edward James Gleason, Jr. pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1994). The district court[*] applied a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2000) for possessing a firearm in connection with another felony offense because Gleason possessed felony-level quantity of crack cocaine. The district court also applied a two-level enhancement under § 3C1.1 for obstruction of justice because Gleason lied

_____

[*]The Honorable Dean Whipple, Chief Judge for the United States District Court, Western District of Missouri.

at his sentencing hearing. The presentence investigation report (PSR) indicated that Gleason was on probation at the time of his weapons offense, adding two criminal history points to Gleason's total. The district court determined that Gleason's sentencing range was 57-71 months imprisonment and sentenced him to 60 months in prison. Gleason now appeals his sentence. We review the district court's interpretation of the sentencing guidelines de novo and its factual findings for clear error. United States v. Petersen, 276 F.3d 432, 436 (8th Cir. 2002).

We reject Gleason's contention that the district court mistakenly applied the § 2K2.1(b)(5) firearm enhancement. The district court credited the law enforcement officer's testimony that when the residence subject to the warrant was searched, crack cocaine, a letter addressed to Gleason, and an electronic scale were found on a dresser in the same room where two firearms were found. We find no error in these factual findings. The close physical proximity between the guns and the drugs is sufficient to show that the guns were used in connection with another felony. United States v. Martinez, 258 F.3d 760, 761-62 (8th Cir. 2001). We also reject Gleason's contention that the district court improperly applied the § 3C1.1 enhancement for obstruction of justice. After hearing testimony from Gleason and law enforcement officers, the district court found that Gleason lied at the sentencing hearing. Committing perjury is sufficient to support an obstruction of justice enhancement. United States v. Brooks, 174 F.3d 950, 958-59 (8th Cir. 1999).

Gleason next contends that his criminal history category was miscalculated because he was given two points for having committed the offense while on probation, but his term of probation had expired. The Government concedes that Gleason's term of probation had expired by operation of law. The Kansas City Municipal Court issued probation warrants in 2000 for 1996 misdemeanor convictions. Because the maximum probationary term for misdemeanors is two years, Gleason's probation expired in 1998 and the state court was without jurisdiction to issue the warrants in 2000. See Mo. Rev. Stat. § 559.016.1(2) (2000); Jordan v.

<u>Flynn</u>, 903 S.W.2d 261, 262 (Mo. Ct. App. 1995). Correcting the criminal history calculation results in a guideline range of 51-63 months. The correct guideline range overlaps the range used by the district court; the 60 month sentence imposed falls within both ranges. Even if the imposed sentence falls within the corrected guideline range, we remand for resentencing unless it is clear that the sentencing court would have imposed the same sentence. <u>United States v. Mayer</u>, 130 F.3d 338, 339 (8th Cir. 1997) (citing <u>United States v. Simpkins</u>, 953 F.2d 443, 446 (8th Cir. 1992)). Based on our review of the record, we cannot say whether the district court would have imposed the same 60 month sentence under the correct 51-63 month range. Thus, we remand to the district court for resentencing within the 51-63 month range.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.