STATE of Missouri, ex rel. Bobby MUSICK, Relator,

v.

The Honorable Mary A. DICKERSON, Judge, Twenty-sixth Judicial Circuit, Division II, State of Missouri, Respondent.

No. WD 44553.

Missouri Court of Appeals, Western District.

June 25, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1991.

Application to Transfer Denied Sept. 10, 1991.

---

David A. Yarger, Woolsey and Yarger, Versailles, for relator.

Mary Adele Greer, Pros. Atty., Versailles, for respondent.

Before TURNAGE, P.J., and KENNEDY, and BRECKENRIDGE, JJ.

TURNAGE, Presiding Judge.

Bobby Musick filed a petition in prohibition to prohibit The Honorable Mary A. Dickerson from proceeding with a hearing to determine whether probation should be terminated and sentence imposed. This court issued a preliminary order in prohibition and now orders such order to be made permanent.

On March 1, 1985, Musick entered a plea of guilty to a charge of attempting to commit felonious restraint, a class D felony. The court suspended imposition of sentence and placed relator on probation for five years. The probation period was suspended for 96 days so that the five year probation ended on June 5, 1990.[1] On June 2, 1990, the court revoked relator's probation and sentenced him to five years imprisonment and suspended execution of sentence and placed Musick on probation for five years. In September and November of 1990, violation reports were filed and a hearing on those violation reports was set

for March 1, 1991. Musick filed a motion to dismiss and when the court overruled that motion he sought prohibition in this court.

Musick contends that the court was without jurisdiction to adjudicate whether he violated his probation in September and October, 1990, because the probation granted in March, 1985, expired June 5, 1990.

Musick relies upon § 559.016 and § 559.-036, RSMo 1989 Cum.Supp. So far as applicable, § 559.016 reads:

1. Unless terminated as provided in section 559.036, the terms during which probation shall remain conditional and be subject to revocation are:

(1) A term of years not less than one year and not to exceed five years for a felony;

\* \* \* \* \* \*

2. The court shall designate a specific term of probation at the time of sentencing or at the time of suspension of imposition of sentence.

3. The court may extend a period of probation, however, no more than one extension of any probation may be ordered. Total time on probation, including any extension shall not exceed the maximum term as established in subsection 1 of this section.

So far as applicable, § 559.036 reads:

1. A term of probation commences on the day it is imposed.

\* \* \* \* \* \*

2. ... Total time on probation including any extension shall not exceed the maximum term established in section 559.016.

\* \* \* \* \* \*

Musick argues from the above sections that § 559.036.2 provides that the total time on probation shall not exceed the maximum term established in § 559.016. Section 559.016 provides the total time on probation shall not exceed the maximum term established for a felony which is five years.

In 1986, § 559.036.2 was amended by changing the phrase "[t]otal time on probation including any extension may not exceed five years" to read as above set out

1. No explanation is given as to why the proba-     tion was suspended.

that the "[t]otal time on probation including any extension shall not exceed the maximum term established in § 559.016." In 1986, § 559.016 did not contain a reference to the total time spent on probation. In 1989, that section was amended to add subsection 3 set out above which provides the total time on probation including any extension shall not exceed the maximum term established in subsection 1 of that section.

After the 1989 amendments § 559.036 provides that the total time on probation including any extension shall not exceed the maximum term established in § 559.-016. Section 559.016 provides that the total time on probation shall not exceed five years for a felony.[2]

The rule of statutory construction was set out in *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31[3–5] (Mo. banc 1988), as follows: "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning."

Respondent contends that the above sections refer to a term of probation and that Musick was placed on two separate terms of probation. The argument continues that the five year limitation applies to each separate term of probation to which he was sentenced. The language of both sections is plain that the total time on probation for a felony is five years. The statutes do not speak of terms of probation but speak in plain language of the total time which may be spent on probation for a felony.

Respondent's argument overlooks the fact that the basic limitation on probation is the classification of the crime for which probation is granted. If the crime is a felony the total time for which probation may be granted is five years, regardless of the number of times a person is granted probation. Thus, the argument that Musick was placed on probation twice, or that he had two separate and distinct terms of probation misses the point. The controlling facts are that Musick pleaded guilty to a felony and was placed on probation. From those facts the conclusion follows that the total time Musick can be kept on probation is five years.

Even though Musick was before the court for sentencing on two separate occasions, it is the fact that Musick pleaded guilty to a felony that limits the total time which Musick may be placed on probation to five years. Thus, Musick's probation ended on June 5, 1990, by operation of law. Thereafter the court did not have jurisdiction of Musick for any purpose, whether to cite him for probation violations, revoke probation, or order execution of the sentence previously imposed. When Musick's five years of probation ended on June 5, 1990, he was free from the jurisdiction of the court. It follows that the court did not have jurisdiction of Musick on March 1, 1991, when it proposed to hold a hearing on violation reports of Musick's probation.

The preliminary order in prohibition is made permanent.

All concur.

---

**2.** The 1989 amendments became effective after Musick pleaded on March 1, 1985, but were in effect when the court sentenced him and placed him on probation on February 2, 1990. The parties have briefed and argued the case on the theory that the 1989 amendments are applicable in reaching a decision in this case. In view of the fact that the parties have not briefed the question but simply assumed the applicability of the 1989 amendments, this court will likewise assume without deciding that the 1989 amendments are fully applicable.