**Harvey Lee WILKERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 61024.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 16, 1992.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

We granted leave for movant to file a late appeal of the denial of his pro se Rule 24.035 motion for post conviction relief. The motion court denied relief but entered findings of fact and conclusions of law. There was no evidentiary hearing. The state concedes "the record of this case includes no indication that the Special Public Defender's Office [appointed counsel] ever filed an amended motion on [movant's] behalf or even considered the necessity or possibility of such a motion" and, therefore, this case should be remanded to the motion court for a determination of whether post conviction counsel has complied with Rule 24.035(e) in light of *Crawford v. State*, 834 S.W.2d 749 (Mo. banc 1992), *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991) and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991).

Movant's other issue, raised for the first time on appeal, was not alleged in his pro se motion or considered by the motion court. In this issue, movant contests the jurisdiction of the trial court to revoke probation and order execution of his sentence. These orders were entered on April 14, 1991, by the judge who accepted the guilty plea and later denied Rule 24.035 relief. Movant's probation exceeded five years in violation of § 559.036.2 RSMo Cum.Supp. 1989.

On November 29, 1982, movant pled guilty to the felony of first degree robbery. That same day the court suspended imposition of sentence and placed movant on five years probation. On October 21, 1987, four

years and eleven months later, the court revoked movant's probation, sentenced him to ten years imprisonment, suspended execution of sentence and placed movant on probation for three years. The court extended movant's probation on April 5, 1988, and September 15, 1989, until April 4, 1991. However, movant's probationary period expired by law on November 29, 1987, the five year anniversary date since movant was initially placed on probation. It appears the court had lost jurisdiction to continue movant's probation. *See State ex rel. Light v. Sheffield,* 768 S.W.2d 590, 593 (Mo.App.1989).

The revocation of probation and order for execution of sentence entered eight years and four months after movant was placed on probation violated the provisions of § 559.016.1(1) RSMo Cum.Supp.1989. The Western District of this court held in *State ex rel. Musick v. Dickerson,* 813 S.W.2d 75 (Mo.App.1991), a prohibition proceeding, that respondent Judge Dickerson lost jurisdiction after defendant served five years probation after a guilty plea in a felony case. It found the trial court did not have jurisdiction of defendant:

> ... for any purpose, whether to cite him for probation violations, revoke probation, or order execution of the sentence previously imposed. When [defendant's] five years of probation ended on June 5, 1990, he was free from the jurisdiction of the court. It follows that the court did not have jurisdiction of [defendant] on March 1, 1991, when it proposed to hold a hearing on violation reports of [defendant's] probation. *Id.* at 77.

In this civil proceeding, the apparent abandonment by appointed counsel is particularly troublesome where neither the motion court nor the parties considered a jurisdictional issue readily apparent from the minutes of proceedings of the trial court.

Cause remanded.

SMITH, P.J., and AHRENS, J., concur.