**Bruce WESBECHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 63217.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 21, 1993.

Melinda K. Pendergraph, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals the denial of his Rule 24.035 motion for postconviction relief. We reverse in part and affirm in part.

On April 16, 1984, Defendant pleaded guilty to the following counts: Counts I, III, V, VII—Second Degree Burglary; and Counts II, IV, VI—Felony Stealing. On June 18, 1984, the trial court suspended the imposition of Defendant's sentence on all counts and placed Defendant on supervised probation for five years.

On May 19, 1986, after a hearing, the court revoked Defendant's probation for probation violations. The court then sentenced Defendant to the following: Counts I, II, III, V, VI, VII—six years; and Count IV—seven years. All sentences were to be served consecutively for a total of forty-three years. However, the court suspended execution of sentence and continued Defendant's probation.

On July 18, 1988, after a hearing, the court again found Defendant had violated his probation. The court suspended Defendant's probation for Counts I, II, III, VI, and VII. The court further ordered sentences on Count IV (seven years) and Count V (six years) executed. Defendant surrendered to the Missouri Department of Corrections on July 25, 1988, to serve his sentence for Counts IV and V. On October 19, 1988, after serving ninety days, Defendant was released from the Department of Corrections and again placed on probation.

Following the above events, the record in the underlying case is sparse. The docket reveals an entry on April 16, 1990, to set a hearing for probation revocation. The hearing was continued to June 18, 1990. The docket entry for that date reveals: "Bond forfeiture ordered, warrant to issue." A warrant was issued for Defendant's arrest on

June 20, 1990. That warrant was not returned until March 18, 1991. On June 17, 1991, the trial court found Defendant had violated his probation by violating Florida law. On that date, the trial court entered two separate judgments and sentences. First, the trial court ordered the previously imposed sentences on Counts IV and V executed. Then, in a separate order, the trial court ordered the previously imposed sentences on Counts I, II, III, VI, and VII executed. Defendant is currently an inmate at the Algoa Correctional Center in Jefferson City.

On September 11, 1991, Defendant filed a Rule 24.035 motion for postconviction relief. Defendant averred, *inter alia,* the trial court was without jurisdiction to revoke his probation and execute sentence because his term of probation had ended on June 18, 1989. The State moved to dismiss Defendant's motion. The motion court summarily dismissed Defendant's 24.035 motion finding: (1) the issues presented in Defendant's 24.035 motion had already been determined by the court in Defendant's prior motion to dismiss; (2) the Eastern District Court of Appeals had denied a writ of prohibition for Defendant on the same issue; and (3) Defendant was not entitled to relief pursuant to the "escape rule" by his failure to appear as required. Defendant appeals.

On appeal, Defendant argues the motion court clearly erred in denying his Rule 24.035 motion because the trial court was without jurisdiction on June 17, 1991, to revoke his probation and execute sentence. Defendant contends his probation ended on June 18, 1989, two years prior to the trial court's actions.

■ Before addressing the merits of Defendant's motion, the State avers the motion was untimely. Rule 24.035(b) requires a defendant to file a Rule 24.035 motion "within ninety days after the movant is delivered to the custody of the department of corrections." The State argues Defendant was delivered to the Department of Corrections on July 25, 1988. The State contends Defendant failed to file his 24.035 motion within the ninety days, because he filed it on September 11, 1991.

However, the record reveals sentence was executed only on Counts IV and V in 1988. Defendant was delivered to the Department of Corrections to serve his sentences only on those counts. Therefore, as to Counts IV and V, we are bound by the time requirements of Rule 24.035. However, regarding Counts I, II, III, VI, and VII, sentence was executed and Defendant delivered to the Department of Corrections on June 17, 1991. Therefore, Defendant's 24.035 motion for those counts is timely, because it was filed within the ninety days. *Hoover v. State,* 819 S.W.2d 97, 97[1] (Mo.App.1991).

■ The motion court clearly erred when it denied Defendant's motion as to Counts I, II, III, VI, and VII. Section 559.036.6, RSMo Supp.1992, provides:

The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period....

Section 559.036.2 states: "Total time on probation including any extension shall not exceed the maximum term established in section 559.016." The maximum term established in § 559.016 is five years for a felony. Section 559.016.1, RSMo Supp.1992.

The above provisions clearly provide the maximum time Defendant could be placed on probation was five years. Defendant's probation was imposed on June 18, 1984. "A term of probation commences on the day it is imposed." § 559.036.1. Therefore, Defendant's probationary period expired by operation of law on June 18, 1989. *See, Wilkerson v. State,* 840 S.W.2d 248, 249[1] (Mo.App. 1992); *State ex rel. Musick v. Dickerson,* 813 S.W.2d 75, 77[1] (Mo.App.1991); *State ex rel. Light v. Sheffield,* 768 S.W.2d 590, 592–93[3] (Mo.App.1989). Indeed, the docket entry of June 18, 1984, states, "Case passed to June 18, 1989." Therefore, the court lost jurisdiction on June 18, 1989, "for any purpose, whether to cite him for probation violations,

revoke probation, or order execution of the sentence previously imposed." *Musick,* 813 S.W.2d at 77[1].

The court retained jurisdiction to revoke probation after June 18, 1989, "only if the violation occurred *and* the formal revocation procedures were initiated during the probationary period." *State v. Forest,* 753 S.W.2d 87, 87[1] (Mo.App.1988) (emphasis added); *See also,* § 559.036.6; *State ex. rel. Connett v. Dickerson,* 833 S.W.2d 471, 474[1] (Mo.App.1992). While the record before us does not reveal when the alleged violation occurred or the circumstances surrounding it, it does reveal revocation proceedings were not commenced until April 16, 1990, when notice was sent to the attorneys and a warrant issued for Defendant's arrest. The warrant was returned on April 24, 1990. Revocation procedures were not commenced prior to June 18, 1989. Therefore, any action taken by the trial court following that date is absolutely void. *Collins & Assoc. v. Labor and Indus. Rel. Com'n,* 724 S.W.2d 243, 245[6] (Mo. banc 1987). The trial court should have sustained Defendant's 24.035 motion.

Even so, the State argues Defendant is precluded from any relief because of the "escape rule." The escape rule denies the right of appeal to a defendant who attempts to escape justice following a conviction. *State v. Wright,* 763 S.W.2d 167, 168 (Mo.App.1988). The rule has been extended to also deny a defendant the right to postconviction relief. *See, Stradford v. State,* 787 S.W.2d 832, 833–34[3] (Mo.App.1990) ("the escape rule applies equally to deny the right to postconviction relief."). The State asserts Defendant's failure to appear at his probation revocation hearing on June 18, 1990, precludes the motion court from considering the validity of revocation.

The record on this issue is anything but complete. Indeed, the only record consists of two pages of docket entries. It does appear the probation revocation hearing was set for June 18, 1990. The docket entry on that date merely states, "Bond forfeiture ordered, warrant to issue." A warrant was issued for Defendant's arrest on June 20, 1990. After preliminary proceedings relating to bond forfeiture, the warrant was returned on March 18, 1991. We infer from the docket Defendant failed to appear on June 18, 1990, and was finally arrested on March 18, 1991.

In the case at hand, Defendant's failure to appear cannot be characterized as an escape. As stated above, the trial court was without jurisdiction after June 18, 1989. The court had no jurisdiction to order Defendant to appear at a probation revocation hearing on June 18, 1990. While the more prudent course for Defendant was to appear, we cannot say his failure was an "escape" precluding consideration of his Rule 24.035 motion.

In addition, the Missouri Supreme Court has recently held the escape rule is inapplicable where the alleged error occurred after a defendant's return to custody. *Robinson v. State,* 854 S.W.2d 393, 396 (Mo. banc 1993); *See also, Ortega–Rodriquez v. U.S.,* — U.S. ——, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993) (federal escape rule not to be used to dismiss appeals of defendants who escape and are recaptured before filing their appeal). Here, the trial court's alleged revocation of Defendant's probation did not occur until Defendant was returned to custody. As such, the escape rule is inapplicable.

The judgment is reversed as to Counts I, II, III, VI, and VII. It is affirmed as to Counts IV and V.

CRANDALL, P.J., and REINHARD, J., concur.