Terry L. **BELL**, Movant–Appellant,

v.

**STATE of Missouri, Respondent–Respondent.**

No. 22372.

Missouri Court of Appeals,
Southern District,
Division Two.

May 28, 1999.

Motion for Rehearing and Transfer
Denied June 18, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Craig A. Johnston, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Catherine Chatman, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Chief Judge.

Terry L. Bell ("Movant") pled guilty to tampering in the first degree in the Circuit Court of Camden County on July 17, 1992. Imposition of sentence was suspended and Movant was placed on five years supervised probation. On November 15, 1996, the court held a probation violation hearing in which Movant admitted to violating the terms of his probation. The court revoked Movant's probation and imposed a sentence of five years in the Missouri Department of Corrections. The court stayed execution of the sentence, however, and placed Movant on three years supervised probation. On November 10, 1997, Movant again appeared for a probation violation hearing where he admitted to violations occurring on January 25, 1997, and the court ordered execution of the five-year sentence. Movant was delivered to the Department of Corrections on November 12, 1997, and thereafter filed a timely Rule 24.035 motion. In his amended motion, he alleged that the trial court did not have jurisdiction to revoke his probation and execute his sentence on November 10, 1997, because the maximum time he could have been placed on probation for the felony of tampering in the first degree was five years, and the five years had expired on July 17, 1997. The trial court denied the motion. Movant appeals that denial.

Appellate review of the denial of a Rule 24.035 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). Such findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.*

For his sole point on appeal, Movant contends that the trial court erred in denying his Rule 24.035 motion because the trial court was without jurisdiction to revoke his probation and order his sentence executed. In support, he argues that the trial court's actions violated his rights under sections 559.016 and 559.036, RSMo Supp.1991, because the trial court had no jurisdiction to extend the term of his probation beyond five years or execute his

prison sentence beyond that time, and the amendment to section 559.036, on which the trial court relied, was not applicable because it was not in effect when he was placed on probation. He argues that by applying the amended statute to him, the trial court violated section 1.160 and subjected him to an ex post facto law. Condensed, we interpret Movant's contention to be that the amended version of section 559.036, which he impliedly concedes permits the extension of probation beyond five years, did not apply to him because the amended statute was not in effect when he was originally placed on probation, and by applying it to him, the trial court violated section 1.160 and subjected him to an ex post facto law.

By way of background, we note that section 559.036, RSMo Supp.1991, provided in pertinent part:

2. The court may terminate a period of probation and discharge the defendant at any time before completion of the specific term fixed under section 559.016 if warranted by the conduct of the defendant and the ends of justice. The court may extend the term of probation, but no more than one extension of any probation may be ordered. Total time on probation including any extension shall not exceed the maximum term established in section 559.016.

Section 559.016, RSMo Supp.1991, provided in pertinent part:

1. Unless terminated as provided in section 559.036, the terms during which probation shall remain conditional and be subject to revocation are:

(1) A term of years not less than one year and not to exceed five years for a felony;

. . .

. . . .

3. The court may extend a period of probation, however, no more than one extension of any probation may be ordered. Total time on probation, including any extension shall not ex-

ceed the maximum term as established in subsection 1 of this section.

These provisions, when read together, provided that a court could not extend the probationary period of a defendant convicted of a felony beyond the five-year anniversary date the defendant was originally placed on probation. *Wesbecher v. State,* 863 S.W.2d 2 (Mo.App. E.D.1993); *Wilkerson v. State,* 840 S.W.2d 248 (Mo.App. E.D.1992); *State ex rel. Musick v. Dickerson,* 813 S.W.2d 75 (Mo.App. W.D.1991). Thereafter, a court would not have jurisdiction for any purpose, whether to cite him for probation violations, revoke probation, or order execution of the sentence previously imposed. *State ex rel. Musick,* 813 S.W.2d at 77. Accordingly, Movant's probationary period would expire by operation of law on July 17, 1997, five years after he was originally placed on probation.

Both sections 559.036 and 559.016 were amended, however, in 1995. As amended, section 559.036 reads in pertinent part:

2. . . . The court may extend the term of the probation, but no more than one extension of any probation may be ordered. *Total time on any probation term, including any extension shall not exceed the maximum term established in section 559.016.* Procedures for termination, discharge and extension may be established by rule of court.

3. If the defendant violates a condition of probation at any time prior to the expiration or termination of the probation term, the court may continue him on the existing conditions, with or without modifying or enlarging the conditions or extending the term, or, if such continuation, modification, enlargement or extension is not appropriate, may revoke probation and order that any sentence previously imposed be executed. If imposition of sentence was suspended, the court may revoke probation and impose any sentence available

under section 557.011, RSMo. The court may mitigate any sentence of imprisonment by reducing the prison or jail term by all or part of the time the defendant was on probation. *The court may, upon revocation of probation, place an offender on a second term of probation. Such probation shall be for a term of probation as provided by section 559.016, notwithstanding any amount of time served by the offender on the first probation.*

(Emphases added.) Section 559.016, as amended, reads in pertinent part:

1. Unless terminated as provided in section 559.036, the terms during which probation shall remain conditional and be subject to revocation are:

   (1) A term of years not less than one year and not to exceed five years for a felony;   –

   . . .

   . . . .

3. The court may extend a period of probation, however, no more than one extension of any probation may be ordered. Total time on *any* probation term, including any extension, shall not exceed the maximum term as established in subsection 1 of this section.

(Emphasis added.) The trial court interpreted the amended provisions of sections 559.036 and 559.016 to mean that it could revoke Movant's original probation and order a second probation for up to five years. Movant does not contest this interpretation.[1] Instead, he contends that the amended provisions do not apply to his case.

■ We first address Movant's contention that the revocation of his probation and execution of his sentence violated section 1.160. Section 1.160, RSMo 1994, states:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

   (1) That all such proceedings shall be conducted according to existing procedural laws; and

   (2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

The motion court, in its findings of fact and conclusions of law, stated:

In [*Finley v. State* ], 847 S.W.2d 105 (Mo.App.W.D.1992) the Court interpreted the language of [section] 1.160 as "... the repeal or amendment of a statute which creates an offense shall not affect the prosecution or punishment of offenders for offenses committed prior to such repeal or amendment ..." except that any offender gets the benefit of any reduced punishments which becomes effective after the crime was committed.

In this case the law changed allowing more time on probation. Does [section] 1.160 prohibit the Court from utilizing the amended provisions of section 559.036 RSMo? The Court holds it does not. There was no amendment of the offense or the punishment provisions. The probation provisions are general provisions.

■ Movant fails to offer any argument or authority in his brief in support of his

---

1. *But cf. State ex rel. Wright v. Dandurand,* 973 S.W.2d 161, 162 (Mo.App. W.D.1998) (stating that no case law exists interpreting whether section 559.036, RSMo [Cum.Supp.] 1996, grants the sentencing court the power to revoke a defendant's first probation and impose a second probation of up to five years).

position that section 1.160 is applicable here to require a different result. Failure to cite relevant authority preserves nothing for review. *State v. George,* 921 S.W.2d 638, 645 (Mo.App. S.D.1996). It is an appellant's obligation to cite appropriate authority. *Id.* If no authority is available, there should be an explanation as to why none is available. *Id.* Where, as here, Movant neither cites relevant authority nor explains why none is available, we are entitled to consider the point abandoned.

We do note, however, that apparently no Missouri case has ruled on whether application of section 1.160 can serve to "save" application of sections 559.036 and 559.016, RSMo Supp.1991. Missouri case law, however, does suggest that probation is not a penalty or punishment, with the result that section 1.160 would not apply to reach the result desired by Movant.

 The "sentence" that a court imposes consists of punishment that comes within the particular statute designating the permissible penalty for the particular offense. *McCulley v. State,* 486 S.W.2d 419, 423 (Mo.1972). Probation is not a sentence nor could the conditions of probation be a sentence. *Id.* It is clear that the sentence is the penalty – the confinement for a period of time or the fine – and does not include as part of its definition such conditional orders as the court makes for the amelioration of the punishment – probation. *Id.* Probation lessens the impact of the sentence on the defendant; but probation does not, per se, shorten or lengthen the sentence. *Id.* In effect, probation operates independently of the criminal sentence. *Barnes v. State,* 826 S.W.2d 74, 76 (Mo.App. E.D.1992). A probationer is free to reject the terms of a probation agreement which limit his future rights and accept instead, the punishment for his crime. *State v. Fetterhoff,* 739 S.W.2d 573, 576 (Mo.App. E.D.1987).

We conclude that probation is not a penalty or punishment and section 1.160 does not apply to prevent application of the current version of sections 559.036 and 559.016.

We next address Movant's contention that application of the amended version of sections 559.036 and 559.016 to his case violated the prohibition against ex post facto laws as pronounced in the Missouri and United States Constitutions. The State correctly points out that Movant argues violation of the prohibition of ex post facto laws for the first time on this appeal. Constitutional issues, including violations of the prohibition against ex post fact laws, must be raised at the earliest opportunity or they are waived. *Griffin v. State,* 684 S.W.2d 425, 428 (Mo.App. E.D. 1984); *State v. Hyde,* 682 S.W.2d 103, 105 (Mo.App. E.D.1984). *See also State v. Hillis,* 748 S.W.2d 694, 697 (Mo.App. E.D. 1988). Movant failed to raise this issue in the trial court at his probation revocation hearing as well as in his Rule 24.035 motion. Accordingly, we do not review this issue.

Movant's point is denied, and the order denying Movant's Rule 24.035 motion is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.