# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH
## NO. 02-13-00306-CV


| | |
|---|---|
| CAROLYN BUTLER | APPELLANT |

V.

| | |
|---|---|
| DAVID WHITTEN, M.D., JON BEAZLEY, M.D., AND JOSEPH DELPRINCIPE, M.D. | APPELLEES |

----------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION ON REHEARING[1] AND ORDER

----------

On October 17, 2013, we issued a memorandum opinion and judgment dismissing this appeal for lack of jurisdiction. Appellant Carolyn Butler, pro se, filed a motion for rehearing. After due consideration, we grant Butler's motion for rehearing and reinstate the appeal.

---

[1]*See* Tex. R. App. P. 47.4, 49.3.

Butler filed suit against Robert Skegrud, Lola Kelly, David Whitten, M.D., Jon Beazley, M.D., and Joseph DelPrincipe, M.D. On August 9, 2013, the trial court dismissed Butler's claims against Whitten, Beazley, and DelPrincipe (collectively, the Doctors) for failure to timely serve an expert report in accordance with section 74.351 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (West Supp. 2013) (stating that in a health care liability claim, a trial court shall dismiss the claim if a claimant fails to serve an expert report within the period specified by section 74.351(a)); Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, sec. 74.351(a), 2005 Tex. Gen. Laws 1590 (stating that in a health care liability claim, a claimant must serve an expert report within 120 days after the date the original petition was filed) (amended 2013) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West Supp. 2013)). On September 4, 2013, Butler appealed from the orders[2] dismissing her claims against the Doctors. Neither of the orders disposed of Skegrud or Kelly, the other two defendants in the case.

After receiving her notice of appeal, we notified Butler of our concern that we might not have jurisdiction because there did not appear to be a final judgment or an appealable interlocutory order. In response, Butler provided us with copies of the August 9, 2013 orders as grounds for continuing the appeal.

---

[2]There are two orders dismissing Butler's claims against the Doctors—an order granting Beazley and DelPrincipe's motion to dismiss and an order granting Whitten's motion to dismiss.

Because neither of these orders was an appealable interlocutory order or disposed of Skegrud and Kelly, we dismissed the appeal for lack of jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(9) (authorizing interlocutory appeal from order denying relief under 74.351(b)), 51.014(a)(10) (authorizing interlocutory appeal from order granting motion challenging the adequacy of report) (West Supp. 2013); Tex. R. App. P. 42.3(a), 43.2(f); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (holding that an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or clearly and unequivocally states that it finally disposes of all claims and parties).

On rehearing, Butler brings to our attention for the first time the trial court's August 26, 2013 order granting the Doctors' motion for severance, which severed Butler's claims against the Doctors into a separate cause of action assigned cause number 096-267810-13. "As a rule, the severance of an interlocutory judgment into a separate cause makes it final." *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001); *see also Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312 (Tex. 1994) (stating that an otherwise final judgment that fails to dispose of all parties and all issues may be made final for purposes of appeal by severing parties and issues disposed of by judgment into different cause). An order granting a severance is effective when signed, regardless of whether the district clerk creates a separate physical file with a different cause number. *McRoberts v. Ryals*, 863 S.W.2d

3

450, 452–53 (Tex. 1993). Following such a severance, the judgment becomes final and may be appealed without a separate physical file or different number. *See Martinez*, 875 S.W.2d at 313; *McRoberts*, 863 S.W.2d at 453. Here, the orders dismissing Butler's claims against the Doctors disposed of those claims. These orders were interlocutory because of Butler's remaining claims against Skegrud and Kelly. The orders became final when the trial court severed Butler's claims against the Doctors into a new cause number.

Beazley and DelPrincipe admit in their response to Butler's motion for rehearing that the orders dismissing Butler's claims became final and appealable as a result of the severance order. The Doctors maintain that Butler failed to perfect her appeal because she filed her notice of appeal in cause number 096-264057-13, the cause number assigned to the original cause of action, and did not timely file a notice of appeal in cause number 096-267810-13, the cause number assigned to the severed cause of action. The supreme court, however, has "rejected constructions of severances, . . . that would have the effect of depriving or deceiving a party out of the right to appeal." *Martinez*, 875 S.W.2d at 313. Thus, the court has held that alleging an "incorrect cause number on [the] notice of appeal does not defeat the jurisdiction of the court of appeals" if the instrument is a bona fide attempt to invoke the appellate court's jurisdiction. *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992); *see also Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied) (holding that notation of original cause number on notice of appeal of

4

severed partial summary judgment did not defeat jurisdiction because notice of appeal was a bona fide attempt to invoke the court's jurisdiction over severed claims); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 681 (Tex. App.—Dallas 2000, no pet.) (holding that notice of appeal, listing all defendants and all judgments appealed from, was a bona fide attempt to appeal partial summary judgment in favor of one of multiple defendants, even though notice of appeal was prematurely filed and bore the parent cause number, rather than the severed cause number). If there is no suggestion of confusion regarding which judgment the appellant appeals, the misnumbering should not defeat the appellate court's jurisdiction. *City of San Antonio*, 828 S.W.2d at 418.

Butler's timely filed notice of appeal lists the Doctors as defendants and states she is appealing the orders granting the Doctors' motions to dismiss. Even though it bears the original cause number, we conclude that Butler's notice of appeal was a bona fide attempt to invoke this court's jurisdiction over the orders dismissing her claims against the Doctors that had been severed. Accordingly, we conclude that we have jurisdiction over Butler's appeal of the severed motions to dismiss, and we grant Butler's motion for rehearing. Therefore, we withdraw our memorandum opinion and vacate our judgment of October 17, 2013, and order this appeal reinstated on the court's docket.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  January 2, 2014