

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,015-01

**EX PARTE ROYCE JAMARCUS D. WARREN, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 33,637-A-H-1 IN THE 188TH DISTRICT COURT
### FROM GREGG COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Pursuant to a plea bargain, Applicant was convicted of murder and sentenced to forty years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that the State committed misconduct, his plea was involuntary, and he is actually innocent. Specifically, Applicant has included affidavits from Gregory Wheeler and Bryson Carey, recanting their accusations in this case and alleging the State's prosecutor coerced and intimidated false statements from them regarding Applicant's involvement. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Castellano, 863 S.W.2d*

*476 (Tex. Crim. App. 1993); Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002). We believe that in cases such as this one, in which an allegation is made that the State conspired with witnesses to fabricate evidence, before we make the important decision of whether Applicant is entitled to relief, the record should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which Gregory Wheeler and Bryson Carey shall be called to testify. Notice of the hearing and an opportunity to testify shall be given to those persons who participated in the trial or the investigation.

It appears that Applicant is not represented by habeas counsel. The trial court, within 30 days of the date of this order, shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the evidentiary hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to Gregory Wheeler and Bryson Carey's recantations and accusations of State misconduct. The trial court shall make findings of fact and conclusions of law as to whether Wheeler and Carey actually wrote and signed the affidavits attached to Applicant's writ application. If so, the trial court shall make findings as to the credibility of the statements made in the affidavits; specifically, whether or not Wheeler and Carey were threatened and coerced by the District Attorney and whether they were told by the State what to put in their statements. The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall specifically weigh the evidence of Applicant's guilt against any new evidence of innocence. *See Ex parte Tuley*, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002). The trial court shall enter findings of fact as to the credibility of each witness and as to whether Applicant is entitled to relief. The trial court shall also make any other findings of fact and

conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 14, 2016
Do not publish