Opinion issued April 20, 2017



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00967-CV

_____

**TRUE BLUE ANIMAL RESCUE, INC., Appellant**

**V.**

**WALLER COUNTY, Appellee**

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. 16-10-23953**

---

## MEMORANDUM OPINION

In this interlocutory appeal, appellant True Blue Animal Rescue, Inc. challenges the trial court's denial of its application for a temporary injunction against appellee Waller County. Because True Blue did not meet its burdens to plead a cause of action against Waller County and to produce some evidence

establishing a probable right to relief, we affirm the denial of a temporary injunction.

## Background

Waller County seized 34 horses from Kathie Digilio, alleging that she had treated them cruelly. The horses were placed in the care of True Blue Animal Rescue, Inc.

After the seizure of the horses, Waller County brought divestiture proceedings against Digilio under Texas Health and Safety Code Chapter 821, in a Waller County justice court. While the divestiture proceedings were pending, Waller County and Digilio entered into an agreement whereby some of the horses would be returned to her, and she would pay $30,000 to True Blue for the care of the horses. The justice court issued an order in accordance with this agreement.

True Blue filed suit against Waller County, complaining that the justice court's order was improper. In its petition, True Blue requested that the trial court grant a temporary injunction against Waller County, enjoining enforcement of the order. True Blue's petition also included a claim, in the alternative, for breach of contract against Waller County. This contract claim stemmed from Waller County's alleged breach of an agreement between it and True Blue regarding possession of the horses and payment for their care and treatment.

2

The trial court issued a temporary restraining order, enjoining Waller County "from transferring any of the 34 horses involved in the Digilio seizure . . . so that the status quo may be observed" and so that True Blue could assert its "rights regarding the horses and the payment of its incurred costs of care for the horses." The trial court granted three extensions of the temporary restraining order. Following the third extension, the court held a temporary-injunction hearing. During the hearing, the court and parties discussed several disputed procedural issues, including True Blue's standing to sue, whether the State of Texas should have been the proper defendant instead of Waller County, and whether mandamus against the justice court was a more appropriate remedy for True Blue's complaints. The trial court made an oral "finding" that True Blue's petition did "not state a claim" that it could "grant relief on from True Blue's standpoint." After the hearing, the trial court issued an order denying the application for a temporary injunction, without stating its reasons.

True Blue has appealed the denial of its application for a temporary injunction.

## Analysis

True Blue contends that the trial court erred by denying its application for a temporary injunction. "In general, a temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Walling v. Metcalfe*, 863 S.W.2d

3

56, 57 (Tex. 1993). The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The status quo is "the last, actual, peaceable, non-contested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004). To obtain a temporary injunction, the applicant ordinarily must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204. With regard to proving a probable right to the relief sought, the applicant is not required to prove that it will prevail on final trial. Instead, the only question before the trial court is whether the applicant is entitled to preservation of the status quo pending trial. *INEOS Grp. Ltd. v. Chevron Phillips Chem. Co.*, 312 S.W.3d 843, 848 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The party applying for a temporary injunction has the burden of production, which is the burden of offering some evidence that establishes a probable right to recover. *See Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 685–87 (Tex. 1968); *Intercontinental Terminals Co. v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 891 (Tex. App.—Houston [1st Dist.] 2011, no pet.). If an applicant does not discharge its burden, it is not entitled to such extraordinary relief. *See Millwrights*, 433 S.W.2d at 685–87; *Intercontinental Terminals*, 354 S.W.3d at 891.

The decision to grant or deny a temporary injunction lies in the discretion of the trial court, and the court's ruling is subject to reversal only for an abuse of that discretion. *INEOS Grp.*, 312 S.W.3d at 848. A trial court abuses its discretion in granting or denying a temporary injunction when it misapplies the law to the established facts. *Id.* We review the evidence submitted to the trial court in the light most favorable to its ruling, drawing all legitimate inferences from the evidence, and deferring to the trial court's resolution of conflicting evidence. *Id.* Our review is limited to determining whether the trial court abused its discretion; we do not reach the merits of the underlying case. *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex. 1978); *INEOS Grp.*, 312 S.W.3d at 848. When, as in this case, no findings of fact or conclusions of law are filed, the trial court's order must be upheld on any legal theory supported by the record. *See, e.g.*, *Intercontinental Terminals*, 354 S.W.3d at 898.

On appeal, True Blue raises several arguments as to why the district court erred by denying its application for a temporary injunction. These arguments primarily address various reasons which True Blue posits the trial court might have relied upon erroneously to justify denying a temporary injunction. True Blue also provides arguments regarding why the justice court's order was incorrect. None of True Blue's arguments, however, address the burdens it had to meet in order to demonstrate it was entitled to an injunction.

5

True Blue has not shown that it pleaded a cause of action against Waller County. In fact, True Blue contends that it has abandoned the only cause of action it asserted against Waller County, its claim for breach of contract, and on appeal it does not rely upon such a claim to justify its request for temporary injunctive relief.

Further, True Blue does not point to, or provide any argument regarding, evidence adduced in the trial court indicating its probable right to relief against Waller County. True Blue does argue that Waller County is the appropriate defendant because the requested relief arises out of events involving the Waller County District Attorney's Office and a Waller County justice of the peace. But True Blue fails to identify any evidence or provide any legal argument that would indicate why Waller County would be responsible for the actions of those actors.

True Blue also contends that the trial court erred, during the temporary injunction hearing, by excluding uncertified copies of orders issued by the justice court. We review a trial court's decision to admit or exclude evidence for abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). We will not reverse the denial of a temporary injunction unless "the trial court's erroneous evidentiary ruling probably caused the rendition of an improper judgment." *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see also ICON Benefit Adm'rs II, L.P., v. Abbott*, 409 S.W.3d 897, 906 (Tex. App.—Austin 2013, pet.

6

denied); TEX. R. APP. P. 44.1(a)(1). True Blue does not argue that the excluded orders would have demonstrated a probable right of relief against Waller County. Even assuming that the trial court erred by excluding the orders, any such error was harmless because True Blue still would have failed to meet its burdens to show its entitlement to a temporary injunction. *See* TEX. R. APP. P. 44.1(a); *ICON Benefit Adm'rs II*, 409 S.W.3d at 906–07.

Because True Blue did not discharge its burdens to plead a cause of action and demonstrate a probable right to relief against Waller County, it was not entitled to a temporary injunction. *See Millwrights*, 433 S.W.2d at 685–87; *Intercontinental Terminals*, 354 S.W.3d at 891. Accordingly, the trial court did not abuse its discretion by denying True Blue's application for a temporary injunction.

## Conclusion

We affirm the trial court's denial of the requested temporary injunction.


Michael Massengale
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

7