[Cite as *In re Hasenfratz*, 2025-Ohio-2372.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


In the Matter of The Estate of Karen
Hasenfratz

Court of Appeals No. L-24-1235

Trial Court No. 20240ADV000739

Donald G. Hasenfratz by and through
Susan M. Halter as Power of Attorney,

     Appellee

v.

Donald W. Olson, Individually and as
Executor of the Estate of Karen
Hasenfratz, deceased, et al.,

**DECISION AND JUDGMENT**

Decided: July 3, 2025

     Appellants

* * * * *

Thomas P. Kemp and Nicholas W. Bartlett, for appellants.

John P. Lewandowski and Jonathan D. Balcerzak, for appellee.

* * * * *

**ZMUDA, J.**

**{¶ 1}** Appellant, Donald W. Olson, appeals from a judgment entry entered by the Lucas County Probate Court. For the reasons that follow, the trial court's judgment is reversed and the matter is remanded to the trial court for an evidentiary hearing or for an in camera review of the estate planning file of the decedent -- Karen Hasenfratz ("Decedent") -- for determination as to whether the requested materials are protected or unprotected under the attorney client privilege or the work product doctrine.

**Statement of the Case and the Facts**

{¶ 2} Many of the facts are not supported by the record but have been gleaned from the complaint and from the parties' briefs. Decedent died on February 2, 2024, at the age of 80. Shortly before her passing, on January 10, 2024, Decedent executed a last will and testament ("2024 will"). The 2024 will completely disinherited appellee, Decedent's 91-year-old surviving spouse, and named appellant, Decedent's brother, as Decedent's primary beneficiary and executor of her estate. This was not Decedent's first will. She previously executed a last will and testament on December 27, 2016 ("2016 will"). The 2016 will named appellee as Decedent's primary beneficiary and executor of her estate.

{¶ 3} On April 11, 2024, appellee, by and through Susan M. Halter as Power of Attorney, filed a complaint to set aside the 2024 will. The complaint asserts claims of incompetency, undue influence, breach of fiduciary duty, and civil conversion, and, further, seeks imposition of a constructive trust. Essentially, appellee alleges that appellant unduly influenced Decedent, and that Decedent, prior to her passing, was incompetent due to certain medical conditions that affected her thinking and left her vulnerable.

{¶ 4} In the course of discovery, appellee issued subpoenas directed to each of Decedent's attorneys who prepared the 2024 will, namely attorney Hannah S. Arno and attorney Linde Hurst Webb. The subpoenas requested the entirety of Decedent's estate planning file. The request was accompanied by a signed legal release by appellant as Decedent's surviving spouse. The legal release provides that "the surviving spouse has

2.

waived any and all attorney-client privilege that could have been made on Decedent's behalf."

{¶ 5} On August 1, 2024, appellant filed a motion to quash said subpoenas, asserting attorney client privilege, the attorney work product doctrine, and ethical concerns. Appellee filed an opposition and motion to compel, asserting that under R.C. 2317.02(A)(1)(b) the attorney-client privilege does not apply and, further, that surviving spouse consent operates to waive the attorney-client privilege in this case.

{¶ 6} In a judgment entry filed on September 30, 2024, the trial court -- noting that the parties had waived oral argument and had agreed to submit the matter to the court for ruling on the pleadings -- denied the motion to quash, finding that: 1) that the attorney-client privilege did not apply, based on R.C. 2317.02(A)(1)(b) and the surviving spouse's consent under R.C. 2317.02(A)(1); 2) the requested estate planning files were not work product because they were not prepared in anticipation of litigation and, further, that appellee had no other way to obtain the information; and 3) there would be no ethical violation in the disclosure of the requested information, because the surviving spouse waived the attorney-client privilege as allowed by law.

## Assignments of Error

{¶ 7} On appeal, appellant asserts the following assignment of error:

  I.  The Trial Court Erred When it Denied Appellant's
      Motion to Quash.

3.

## Law and Analysis

**{¶ 8}** "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Civ.R. 26(B)(1). "'The burden to show that testimony or documents are confidential or privileged is on the party seeking to exclude the material.'" *Ro-Mai Industries, Inc. v. Manning Properties*, 2010-Ohio-2290, ¶25 (11th Dist.), quoting *Grace v. Mastruserio*, 2007-Ohio-3942, ¶19 (1st Dist.).

**{¶ 9}** "The trial court has discretionary power to regulate discovery and its decisions will generally not be overturned absent an abuse of that discretion." *Ro-Mai* at ¶ 26, citing *Mauzy v. Kelly Services, Inc.*, 75 Ohio St.3d 578, 592 (1996) and *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57 (1973). "'But whether the information sought is confidential and privileged from disclosure is a question of law that is reviewed de novo.'" *Ro-Mai* at ¶ 26, quoting *Medical Mut. of Ohio v. Schlotterer*, 2009-Ohio-2496, ¶13. "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate.'" *Id.*

**{¶ 10}** Here, the trial court compelled discovery of an entire case file after reviewing only appellant's motion to quash, appellee's motion to compel, and related

4.

opposing memoranda. No evidentiary hearing was conducted, and no in-camera review was undertaken. Instead, the trial court summarily compelled production of the entire estate planning file, which, notably, is not part of the appellate record.

{¶ 11} "Generally, discovery orders by a trial court are neither final nor appealable. But an order compelling production of material alleged to be protected by the attorney-client privilege gives rise to an interlocutory appeal." *Mastruserio* at ¶ 35. In this case, the trial court compelled production of materials that appellant alleged to be protected by the attorney-client privilege and by the work product doctrine.

{¶ 12} We note at the outset of our review that the materials contained in the record are insufficient to support a determination as to whether compelling discovery of the estate file violated the attorney-client privilege or the work-product doctrine. In this case, not so much as a privilege log was included in the record, let alone the contents of the estate planning file. "To distinguish between protected and unprotected materials, the trial court should have, at a minimum, conducted an evidentiary hearing or undertaken an in camera review of the case file." *Id.* at ¶ 36. "[G]ranting a motion to compel the entirety of an attorney case file without first hearing evidence or conducting an in camera inspection is beyond the trial court's discretion." *Id.* at ¶ 38.

{¶ 13} "A discovery order compelling disclosure of an attorney's entire case file 'necessarily reveals the attorney's mental processes, thus invoking work-product protection,' and consequently that file must be reviewed in camera, or an evidentiary hearing must be conducted to distinguish between discoverable and undiscoverable material." *Id.* at ¶ 39, quoting *Natl. Union Fire Ins. Co. v. Valdez* (Tex.1993) 863 S.W.2d 5.

4458, 460. In denying appellant's motion to quash appellee's subpoena of the entire estate planning file of Decedent without an evidentiary hearing or in-camera review was an abuse of discretion. *See id.*, citing *Miller v. Bassett*, 2006-Ohio-3950 (8th Dist.) (finding that the trial court's blanket grant compelling discovery was an abuse of discretion absent a hearing to determine the nature of the attorney-client privilege).

{¶ 14} "When a party seeks to compel discovery of the entirety of an attorney case file, the trial court, using its broad discretion, is best suited to initially determine whether the evidence is discoverable or is protected under attorney-client privilege or the work-product doctrine, and for that determination to be a reasonable, informed, and conscionable one, the court must conduct an evidentiary hearing or perform an in camera inspection of the materials sought to be disclosed." *Id.* at ¶ 40.

{¶ 15} Appellee's request to discover the entire estate planning file of Decedent implicated protections afforded under the attorney-client privilege and the work-product doctrine. Under these circumstances, the trial court was required, at a minimum, to hold an evidentiary hearing or conduct an in-camera review to determine the scope of protection. We conclude that the trial court abused its discretion by compelling discovery of the entire estate planning file without doing either of these things and without ensuring that the estate planning file was made part of the record on appeal. Accordingly, appellant's sole assignment of error is found well-taken.

6.

## Conclusion

**{¶ 16}** The judgment of the Lucas County Probate Court, is reversed. The matter is remanded to the trial court for an evidentiary hearing or for an in-camera review of the estate planning file of the decedent for determination as to whether the requested materials are protected or unprotected under the attorney-client privilege or the work product doctrine. Appellee is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.