**Bobby C. DeCLUE, Movant–Appellant,**

v.

**STATE of Missouri,
Defendant–Respondent.**

No. 52832.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 8, 1987.

Melinda K. Pendergraph, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PUDLOWSKI, Judge.

Movant appeals from the dismissal, without an evidentiary hearing, of his Rule 27.26 motion to vacate the judgment and sentence of the Circuit Court of St. Francois County. We affirm.

The convictions involved in this action were for two counts of second degree bur-

glary, in violation of Section 560.070, RSMo 1969. After accepting the movant's guilty plea, the original trial judge suspended the imposition of his sentence and placed him on five years of supervised probation. After a violation of his probation, the court held a revocation hearing.

At his revocation hearing on August 23, 1985, the court determined that the movant had violated two of the conditions of his probation which related to the payment of restitution and court costs. Movant asked the court to extend his probation, which was due to expire the following month, so that he could make payments on the debt. He also admitted that he had failed to make any arrangement for payments since 1981 despite having had intermittent periods of employment during the term of his probation. Based on the movant's disregard for the conditions of his release, the court revoked his probation and sentenced the movant to two consecutive seven year terms of imprisonment. In movant's *pro se* motion under Rule 27.26 to vacate, setaside or correct his judgment and sentence, he alleges (1) that the court did not find that his failure to make the required payments was willful and intentional; (2) that the state failed to establish that a specific amount was ordered to be paid; (3) that his admission as to the violations of his probation was not knowingly and intelligently made because he was not aware that the failure to pay had to be the result of a willful and intentional refusal in order to be the basis of a revocation; (4) that he was denied effective assistance of counsel at the revocation hearing; (5) that movant's probation had terminated prior to the revocation; (6) that movant's probation was revoked prior to the date that his probation was to terminate and before payment was due; and (7) that the offenses charged did not warrant the imposition of consecutive maximum sentences.

The state asked the court to dismiss the Rule 27.26 motion. After a hearing, the trial court entered findings of fact, conclusions of law and judgment dismissing movant's motion without a hearing. It is from this order of the court that movant appeals.

[1–3] Revocation of probation is not a matter which comes within the scope of a proceeding under Rule 27.26. *Green v. State*, 494 S.W.2d 356, 357 (Mo. banc 1973). Rule 27.26 provides a remedy for challenging an original sentence but not for challenging the legality of a revocation of probation. *Griffin v. State*, 601 S.W.2d 628, 629 (Mo.App.1980). Similarly, it is not the proper procedure to challenge the effectiveness of counsel at a probation revocation hearing. *Clark v. State*, 736 S.W.2d 483, 484 (Mo.App.1987). The proper remedy to attack a revocation of probation or parole is by habeas corpus. *Green*, 494 S.W.2d at 357.

■ It is clear from the record that movant's probation had not terminated prior to its revocation. "A term of probation commences on the day it is imposed." Section 559.036.1, RSMo 1986. This argument is without merit. Also without merit is the argument that the payment was not due until the date that his probation was to terminate. If this were the rule, a court would never be able to revoke the probation of a probationer for a refusal to follow a directive because of the possibility that he might cure the violation at the last minute of the final day of his probation.

■ Movant contends that his sentence is excessive despite the fact that it lies within the range permitted by law. There is no error if the sentence is within the range allowed by statute. *Hubbard v. State*, 706 S.W.2d 289, 290 (Mo.App.1986).

The judgment of the trial court dismissing movant's Rule 27.26 motion is affirmed.

STEPHAN, P.J., and DOWD, J., concur.