**STATE of Missouri, Respondent,**

v.

**Tenny R. FOREST, Appellant.**

**No. 53520.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 31, 1988.

Rehearing Denied July 6, 1988.

John C. Maxwell, St. Charles, for appellant.

George Michael Archer, Clayton, for respondent.

CRIST, Judge.

Probationer appeals the revocation of his probation and the imposition of a $200 fine. Because the trial court no longer had jurisdiction to revoke probationer's probation, we reverse.

On April 29, 1985, probationer was given a suspended imposition of sentence and a two-year probation in connection with guilty pleas entered on February 19, 1985. Under the conditions of his probation, the probationer was required, among other things, to make contact with his probation officer quarterly; to obey all municipal, county, state and federal laws; and to report any tickets or arrests to his probation officer within forty-eight hours of the ticket or arrest. On February 3, 1987, during his probationary period, probationer was arrested for driving while intoxicated. He did not inform his probation officer of this arrest. On April 22, 1987, probationer's probation officer prepared a violation report based upon the February 3 arrest, the failure to report the arrest, and probationer's failure since June 10, 1985, to make the required contacts with the probation department. A revocation hearing was held on June 17, 1987, a date more than two years after probation began. At that hearing, the trial court, after ascertaining from probationer that he had in fact failed to inform his probation officer of his arrest, revoked probation and imposed a fine.

The docket sheet indicates, and the parties have stipulated, that probationer's two-year probation ended April 22, 1987, the same date the probation violation report was prepared. It is possible to revoke probation after the expiration of the probationary period only if the violation occurred and the formal revocation procedures were initiated during the probationary period. *State ex rel. Carlton v. Haynes*, 552 S.W. 2d 710, 714 (Mo.banc 1977). Here the revo-

cation proceedings were begun at the earliest on the same day as probationer was granted his liberty by the court.

The State's motion to dismiss is denied. *State v. Murphy*, 626 S.W.2d 649, 651[9] (Mo.App. 1981).

Judgment reversed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.