Eddie WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. 20564.

Missouri Court of Appeals, Southern District, Division Two.

July 23, 1996.

Rose M. Wibbenmeyer, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, David R. Truman, Assistant Attorney General, for respondent.

MONTGOMERY, Chief Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 [1] motion for postconviction relief. We affirm.

On March 11, 1993, Movant, Eddie Williams, appeared at a probation revocation hearing before the Circuit Court of Camden County. After hearing the evidence the court determined that it retained jurisdiction even though the five-year probationary period had expired. The court found that Movant violated the terms of his probation, revoked Movant's probation, and ordered that the previously imposed sentences be executed.

Movant filed a pro se motion, later amended by appointed counsel, under Rule 24.035, alleging that the court lacked jurisdiction to revoke his probation and order his sentences executed. This appeal follows the denial of his motion.

In his sole point on appeal, Movant contends that the trial court erred in denying his Rule 24.035 motion because the trial court had no jurisdiction to order his sentences executed as it "did not demonstrate an affirmative manifestation of an intent to conduct a revocation hearing and that every reasonable effort was made to notify the [Movant] and to conduct the hearing prior to the expiration of the probationary period." The background of this case follows.

On April 25, 1986, Movant appeared before the Circuit Court of Camden County and pleaded guilty to the felony crimes of receiving stolen property and stealing over $150. The court sentenced Movant to two consecutive terms of seven years imprisonment, suspended execution of sentence, and placed Movant on probation for five years. Thereafter the court received information that Movant had absconded from supervision. On July 23, 1986, the court suspended Movant's probation, terminated the supervision of Movant by the Department of Probation and Parole, and issued a capias warrant for his arrest. The court directed the "warrant not to be entered in N.C.I.C." [2] Movant was finally apprehended on January 17, 1993.

The court held a probation revocation hearing on March 11, 1993. The State alleged that Movant failed to report a change in residence and failed to report to his probation officer. Movant admitted that he moved to Nevada, Missouri, against the instruction of his probation officer. He subsequently moved to California without making the proper notification. The court concluded that (1) it had jurisdiction over this matter, even though the probation period had expired, because the issuance of the capias warrant demonstrated an intent to hold a hearing to revoke Movant's probation, and (2) it was impossible to hold a revocation hearing within the probationary period because of the State's inability to locate Movant. The court revoked Movant's probation and ordered execution of the previously imposed sentences.

1. Rule references are to Missouri Rules of Court (1994).

2. We assume this reference is to National Crime Information Center.

On April 7, 1993, Movant filed his pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence. In his amended motion, Movant alleged the trial court did not have jurisdiction to revoke his probation and order his sentences executed. The motion court denied the motion and held that (1) the judge manifested his intent to hold a hearing prior to the expiration of the term of probation by issuing the capias warrant, and (2) this manifestation of intent, coupled with the fact that Movant's own actions prevented the court from holding a timely hearing, served to extend the trial court's jurisdiction.

■■■ Review of the motion court's denial of postconviction relief is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo.banc 1991); *Keating v. State,* 870 S.W.2d 273, 275 (Mo. App.1994). "Such findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, this Court is left with 'the definite and firm impression that a mistake has been made.'" *Wilson,* 813 S.W.2d at 835 (quoting *Sanders v. State,* 738 S.W.2d 856, 857 (Mo.banc 1987)). The findings of the motion court are presumptively correct. *Id.*

Movant correctly points out that the probationary period for a felony conviction is not to exceed five years. § 559.016.1(1), RSMo 1986. Ordinarily jurisdiction to revoke probation ends with the probationary period. In this case the revocation occurred more than five years after the commencement of the probationary period. However, in certain circumstances the power of the court to revoke probation extends beyond the duration of the term of probation. § 559.036.6, RSMo Supp.1993, provides:

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reason-

ably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

■■■ Although the motion court determined the trial court complied with the statutory guidelines, Movant asserts that the issuance of the capias warrant, suspension of his probation and termination of his supervision by the Department of Probation and Parole was insufficient to manifest the court's intent to conduct a revocation hearing. He argues that the court's notation that the warrant was "not to be entered in N.C.I.C." shows that the court was not serious about finding Movant and conducting a revocation hearing prior to the expiration of the probationary term. Movant states that "NCIC is probably the most thorough mechanism for locating individuals who have warrants pending," and contends that the court would not have excluded the warrant from this system if it intended to conduct the revocation hearing within a reasonable time. Movant fails to cite any cases in support of this proposition.

Movant relies only on *State ex rel. Carlton v. Haynes,* 552 S.W.2d 710 (Mo. banc 1977), and *Wesbecher v. State,* 863 S.W.2d 2 (Mo. App.1993), to support his position. Neither case aids him.

*Carlton* was a habeas corpus proceeding.[3] The question was whether the trial court had jurisdiction to revoke Carlton's probation over five years after he was placed on probation. An arrest warrant was issued for him, and he was apprehended during his probationary period. However, the revocation hearing took place after the expiration of the probationary period. The court held:

> [W]e find that the issuance of the warrant within a reasonable time after the court

---

3. *Carlton* interpreted §§ 549.071, .101, and .111, RSMo 1969 (now repealed). However, *Carlton* still provides guidance for cases arising under § 559.036. In *State v. Forest,* 753 S.W.2d 87 (Mo.App.1988), relying on *Carlton,* the court

said: "It is possible to revoke probation after the expiration of the probationary period only if the violation occurred and the formal revocation procedures were initiated during the probationary period." *Id.*

learned of the probation violation, and the execution of the warrant within a reasonable time after its issuance, vested the court with jurisdiction over the person of the petitioner, and such jurisdiction was not divested by the postponement for good cause of the revocation hearing until a date after the expiration of petitioner's term of probation, unless the resulting delay was unreasonable and prejudicial to the petitioner.

*Id.* at 714. The court also said that "we can envision that 'a revocation can occur after the probationary period only if the violation is one that occurred during that period and if formal revocation procedures—usually the issuance of an arrest warrant—are initiated during that period.'" *Id.* (quoting *United States v. Strada*, 503 F.2d 1081, 1084 (8th Cir.1974)).

*Wesbecher*, a Rule 24.035 proceeding, is factually unlike the instant case. There, defendant's probationary period ended on June 18, 1989. He contended the trial court was without jurisdiction on June 17, 1991, to revoke his probation and execute sentence. Because no revocation proceedings were commenced prior to June 18, 1989, the appellate court held that "any action taken by the trial court following that date is absolutely void." 863 S.W.2d at 5.

Here, Movant does not dispute that a violation of his probation occurred during his probationary period. The question is whether issuance of the arrest warrant and the other orders made on July 23, 1986, was "some affirmative manifestation of an intent to conduct a revocation hearing" prior to the expiration of Movant's probation. We hold that the motion court correctly answered this question in the affirmative.

In *State ex rel. Connett v. Dickerson*, 833 S.W.2d 471 (Mo.App.1992), the relator sought to prohibit the respondent judge from revoking his probation. He contended respondent had no jurisdiction to proceed because his probation had terminated on October 31, 1991, by the lapse of five years. In applying § 536.036.6, we said that "[i]t is obvious that the court affirmatively manifested an intent to conduct a revocation hearing" within the five-year period. *Id.* at 474. Prior to October 31, 1991, three reports of relator's probation condition violations had been filed with the court. Upon receiving another violation report on October 16, 1991, the court set a hearing for October 24, 1991. The hearing was continued at relator's request.

In *Connett*, the court affirmatively manifested an intent to conduct a revocation hearing before the probationary period expired by setting a hearing date and notifying relator of it (apparently by means less coercive than the issuance of an arrest warrant). Here, Movant had absconded from the area. Notifying him of a revocation hearing was not possible until he was taken into custody. The trial court took the only action possible under the circumstances. Those actions clearly are an affirmative manifestation of the court's intent to timely conduct a revocation hearing. *See State ex rel. Limback v. Gum*, 895 S.W.2d 663, 665 (Mo.App.1995) (suggesting by way of dicta that, pursuant to § 559.036.6, the issuance of a capias warrant could serve to extend the trial court's jurisdiction beyond the five-year statutory limit).

Movant also argues that failure to place the warrant in NCIC shows the court failed to make "every reasonable effort" to notify Movant and conduct the hearing before the probationary period ended pursuant to § 559.036. Movant bears the burden of showing that the court failed to make every reasonable effort to contact him and conduct a hearing within the probationary period. *State v. Roark*, 877 S.W.2d 678, 680 (Mo.App. 1994). He argues that the court should have contacted his parents' home in Nevada, Missouri, when it issued the warrant. This assumes, however, that the court knew he had absconded to that locale and that he had not left Missouri for California. Furthermore, Movant does not suggest that such a contact would have resulted in his apprehension any earlier. As the motion court found, "there was no way for the court to hold a hearing until the defendant was apprehended ...

Judge Whipple did all that he could do and that was [to] issue the capias warrant."

This Court cannot say that the motion court's findings of fact and conclusions of law were clearly erroneous. Therefore, we affirm the denial of Movant's Rule 24.035 motion for postconviction relief.[4]

CROW, P.J., and SHRUM, J., concur.

4. The State contends that a challenge to the legality of a probation revocation is not cognizable in a motion under Rule 24.035 and relies on *Teter v. State*, 893 S.W.2d 405 (Mo.App.1995); *Wood v. State*, 853 S.W.2d 369 (Mo.App.1993); *Solomon v. State*, 821 S.W.2d 133 (Mo.App. 1992); *Baugh v. State*, 759 S.W.2d 882 (Mo.App. 1988); and *DeClue v. State*, 741 S.W.2d 103 (Mo.App.1987). *Teter, Wood,* and *Solomon* hold that a Rule 24.035 motion is not the proper procedure by which to challenge the effectiveness of counsel at a probation revocation hearing. *Baugh* holds that an attack on the court's decision to revoke probation and imprison rather than considering a less drastic alternative is not cognizable under Rule 24.035. Finally, *DeClue* holds that a challenge to the effectiveness of counsel at a revocation hearing and a claim that Movant's probation had terminated before the revocation was outside the scope of Rule 27.26.

In contrast, this case presents a challenge to the validity of the sentence which the trial court ordered executed. Movant's complaint goes beyond attacking his probation revocation. The attack is on the court's jurisdiction to order the sentence executed. Therefore, even though we do not adopt the State's position, this case should not be read as departing from the principles enunciated in the cases mentioned in this footnote.