**STATE of Missouri, ex rel. Thomas W. CLINE, Relator,**

v.

**The Honorable Roger WALL, Acting as Judge of the Circuit Court of Ozark County, Missouri, Respondent.**

No. 23885.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 26, 2001.

Thomas W. Cline, Prosecuting Attorney Ozark County, Gainesville, Attorney for Relator.

Susan A. Faust, Ava, Attorney for Respondent.

GARRISON, Judge.

This is an original proceeding in prohibition wherein the relator, Thomas W. Cline, prosecutor of Ozark County, Missouri, seeks to prohibit the Honorable Roger Wall ("Respondent"),[1] from enforcing an order entered by him relieving the Board of Probation and Parole ("the Board") from supervision, and discharging James D. Zanzig ("Probationer") from his sentence. The issue arises because Respondent indicated his intent to sustain Probationer's motion to discharge him from probation. Probationer's theory in that motion was that Respondent lost jurisdiction to revoke his probation by not making an affirmative manifestation of an intent to conduct a revocation hearing prior to the expiration of the probationary term.

### FACTS

Probationer pled guilty to the class C felony of assault in the second degree on January 8, 1992. The trial court suspend-

---

1. This case was assigned to Judge Wall, associate circuit judge in Douglas County.

ed imposition of sentencing and placed him on probation for three years under the supervision of the Board. As a special condition of his probation, Probationer was ordered to "make restitution." On January 2, 1993, a violation report was filed by the Board. On January 6, 1993, Probationer admitted the violation and was "continued on probation with condition that [he] get into inpatient substance abuse program as soon as possible." On March 17, 1993, another violation report was filed by the Board and on April 7, 1993, Probationer was ordered "to begin June 1 paying $150.00 month on restitution. [Probationer] to assign interest in insurance proceeds to liquidate restitution in full by 12–1–93." On February 16 and 19, 1994, additional violation reports [2] were filed by the Board, and on April 6, 1994, the matter was set for disposition on May 4, 1994. On April 13, 1994, an attorney entered his appearance for Probationer. On June 8, 1994, a docket entry recited that it was "set 7–6–94 at 9 A.M." The docket sheet next contains an entry on July 6, 1994 that "certified copy of sentence from the circuit court of 18th Judicial Circuit, County of DuPage, Illinois filed by the [Board]." On the same day, the docket sheet reflects "[Probationer] fails to appear, alias capias ordered. Bond set $20,000." On August 1, 2000, Probationer was arrested in Arkansas on the capias warrant.

On September 6, 2000, a field violation report was filed by the Board recommending revocation of Probationer's probation. That report states that Probationer acknowledged that he pled guilty to domestic battery in DuPage County, Illinois on December 21, 1993, and did not report to his Illinois probation officer after January 4, 1994.[3] He also was convicted of DUI in Illinois in late 1995 or early 1996. The report reveals that Probationer was asked

why he did not appear in Ozark County, Missouri regarding the January 5, 1994 violation report (while the record is not clear, we assume this refers to one of the violation reports filed with the trial court on February 16 or 19, 1994), and he said that he appeared there in court on at least two occasions. According to Probationer, he traveled to Ozark County from northern Illinois twice, and the case was continued both times. In recommending revocation, the report recited that Probationer failed to appear in court, failed to make victim damage restitution, incurred new convictions, and was an absconder from supervision.

After his arrest, Probationer filed a motion to be discharged from probation for lack of jurisdiction. Surprisingly, a copy of that motion is not filed with this court, either as an exhibit accompanying the Petition For Writ Of Prohibition, or otherwise as authorized by Rule 84.24(g), Missouri Rules of Civil Procedure (2000). Nevertheless, as we interpret the briefs of the parties, there appears to be no dispute that the motion was founded on § 559.036.6,[4] and that the issue is whether the jurisdiction of the trial court to revoke Probationer's probation was extended by actions of the trial court which included setting the matter for hearing and issuing a capias warrant during the original period of probation, without there having been a suspension of probation and without the filing of a formal motion to revoke probation. Section 559.036.6 provides:

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a

---

2. None of these violation reports are part of the record before us.

3. Supervision of his probation had apparently been transferred to Illinois from Missouri.

4. All references to statutes are to RSMo Cum. Supp.1999, unless otherwise indicated.

revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

Respondent entered the following order:

On this date, [Probationer] appears w/Atty and Court takes up [Probationer's] Motion to Dismiss for Lack of Jurisdiction.... Court ... relies on following cases: *St. ex rel. Connett v. Dickerson*; *Williams v. State*, So. Dist.; and *State ex rel. Cochran v. Andrews*.

The Court is troubled by 3 potential flaws in the case at bar:

1) No motion to revoke or suspend [Probationer's] probation was ever filed in the present case until today's date;

2) This Court never suspended or set aside [Probationer's] probation as an absconder or for failure to pay his restitution;

3) The Public Defender's office filed an "Entry of Appearance" in April of 1994, but it fails to indicate on what matters the Atty. was entering his appearance on. No admissions were ever made by [Probationer].

A [Probationer] is entitled to know the facts and allegations and is entitled to due process notice; if the State intends to revoke his probation.

While the Court believes that [Probationer] knew he owed over $3,000.00 in restitution and substantial court costs to include jail board; he was never noticed pursuant to rule or statute, and unfortunately, more importantly the Court never suspended or set aside [Probationer's] probation in such a manner so as to give [Probationer] proper notice and also to toll the running of [Probationer's] time on probation. Therefore, [Probationer's] probation expired in Jan. 1997.

Wherefore, reluctantly the Court sustains [Probationer's] motion and relieves the [Board] from supervision and discharges [Probationer] on his sentence....

## DISCUSSION AND OPINION

The issue here is whether Respondent was, as he apparently believed, required to sustain Probationer's motion for a discharge from probation for lack of jurisdiction, a ruling he indicates will be made in the absence of extraordinary relief from this court. Respondent noted that in the instant case there was no motion to revoke probation, and probation was not suspended or set aside, during the probationary period. In this regard, Respondent was obviously troubled by language in *State ex rel. Cochran v. Andrews*, 799 S.W.2d 919 (Mo.App. W.D.1990). There the court held that a trial court does not have jurisdiction to revoke a probation until that status is jeopardized, and that such jeopardy attaches when a motion to revoke the probation is filed by the prosecutor. *Id.* at 922. The court said that "[b]efore a court can revoke probation, a motion must be filed to invoke the court's jurisdiction to revoke probationer's probationary status," citing *Moore v. Stamps*, 507 S.W.2d 939, 950 (Mo.App.St.L.1974). *Id.* The issue in *Cochran,* however, was the timeliness of a request for change of judge.

*Cochran* does not stand for the proposition that a formal motion to revoke probation must necessarily, and in all cases, be filed during the term of the probation in order for the court to have jurisdiction, pursuant to § 559.036.6, to revoke that probation after the expiration of the term. First, § 559.036.6 authorizes the court to revoke probation for any further period after its expiration which is reasonably necessary for the adjudication of matters arising before its expiration,[5] *provided that some affirmative manifestation of an in-*

5. There is no dispute here that the matters for which revocation is sought occurred prior to the expiration of the term of probation.

tent to conduct a revocation hearing occurs prior to the expiration of the period, and every reasonable effort is made to notify the probationer and conduct the hearing prior to expiration of the period. *"Some affirmative manifestation of an intent to conduct a revocation hearing"* does not necessarily require the filing of all documents that may ultimately be required to revoke probation. (Emphasis added.)

Additionally, *Cochran* cites *Moore*, 507 S.W.2d at 950, as authority for the premise that a motion must be filed to invoke the court's jurisdiction to revoke a probationer's status. *Moore*, however, did not involve an issue about extension of the court's jurisdiction beyond the probationary period, and was decided before § 559.036.6 was enacted. The statute in effect when *Moore* was decided did not contain a provision similar to § 559.036.6.[6] *Moore* did hold that minimum requirements of due process require that written notice of the claimed violations of probation and the date and time of hearing must be given prior to and at the final hearing. *Id.* It does not stand for the proposition that a motion containing those notice requirements be filed before the term of probation has expired in order to authorize later action pursuant to § 559.036.6. Of interest is the following language from *Moore* contained in footnote 8 at page 950:

> There may be situations where the probationer has not reported to his probation officer for a long period of time and his whereabouts are unknown. In such

instance, the trial court may revoke the probation or if time is about to expire, extend probation and issue arrest order, and when the probationer is finally located, then the procedures outlined above should be followed.

In the instant case, the trial court referred to what it perceived as a conflict between *Cochran* and *State ex rel. Connett v. Dickerson*, 833 S.W.2d 471 (Mo.App. S.D.1992). In *Connett*, a revocation hearing was set prior to the expiration of the term of probation, that hearing was continued at the request of the probationer, and the hearing was held after the probation term had expired. There, the probationer contended, among other things, that the trial court did not have jurisdiction to revoke his probation because a formal motion seeking that relief was not filed within the term of the probation. In support he cited *Cochran* for the statement that "[b]efore a court can revoke probation, a motion must be filed to invoke the court's jurisdiction to revoke probationer's probationary status." *Connett*, 833 S.W.2d at 474. This court said that that statement "may or may not be applicable in the context of other issues involved in revocation proceedings." *Id.* In holding that the trial court had jurisdiction to revoke the probation, we noted that a hearing had been set, the probationer had been notified of the hearing, and he had requested a continuance, all within the term of the probation. *Id.* Except for the request for a continuance, the facts in *Connett* are consistent with those in the instant case.

---

6. *State ex rel. Carlton v. Haynes*, 552 S.W.2d 710 (Mo. banc 1977), was another case decided before the enactment of § 559.036.6 when the applicable statute did not contain specific provisions authorizing an extension of jurisdiction to resolve probation revocation issues which arose before the probationary period ended. Nevertheless, *Carlton* involved an issue of the trial court's jurisdiction to revoke probation after the probationary time had expired. There, the probationer absconded, failed to appear at a probation revocation hearing, the court issued a capias warrant, probationer was arrested, a probation revocation hearing was continued because of proba-

tioner's health, and probation was revoked after a hearing held five days after the period of probation had expired. *Id.* at 712. The court held that "the issuance of the warrant within a reasonable time after the court learned of the probation violation, and the execution of the warrant within a reasonable time after its issuance, vested the court with jurisdiction over the person of the petitioner, and such jurisdiction was not divested by the postponement for good cause of the revocation hearing until a date after the expiration of petitioner's term of probation, unless the resulting delay was unreasonable and prejudicial to the petitioner." *Id.* at 714.

It has been suggested, in dicta, in at least two cases that the issuance of an arrest warrant prior to the expiration of probation can serve to extend the court's jurisdiction beyond the term of the probation. *See State ex rel. Limback v. Gum,* 895 S.W.2d 663, 665 (Mo.App. W.D.1995), (pursuant to § 559.036.6 the issuance of a capias warrant prior to the expiration of probation could have served to extend the court's jurisdiction, but that would have applied only to adjudication of the matter which arose before expiration of the probationary period, and would not have applied to later violations which occurred after that adjudication); and *Wesbecher v. State,* 863 S.W.2d 2, 5 (Mo.App. E.D.1993), (appellate court said that revocation proceedings were not commenced until a notice was sent to the attorneys and a warrant issued for the defendant's arrest, all of which was after the expiration of the term of probation).

The trial court here also referred to *Williams v. State,* 927 S.W.2d 903 (Mo. App. S.D.1996). There, the probationer was given five years probation on April 25, 1986. In July 1986, the court received information that he had absconded from supervision and it suspended his probation, terminated supervision by the Department of Probation and Parole, issued a capias warrant for his arrest, and ordered that the warrant not be entered in N.C.I.C. Probationer was arrested in January 1993. In a subsequent hearing, the court revoked the probation. In a Rule 24.035 motion, the probationer contended that the issuance of the capias warrant, suspension of his probation and termination of his supervision was insufficient to manifest the court's intent to conduct a revocation hearing so as to comply with § 559.036.6. We held that the issuance of the arrest warrant and the other orders was "some affirmative manifestation of an intent to conduct a revocation hearing" prior to the expiration of the probation. *Id.* at 906.

We cited the dicta in *Limback,* and also said that "Movant had absconded from the area. Notifying him of a revocation hearing was not possible until he was taken into custody. The trial court took the only action possible under the circumstances. Those actions clearly are an affirmative manifestation of the court's intent to timely conduct a revocation hearing." *Id.*

In this case, Probationer was before the trial court twice responding to violation reports. The last of those was April 7, 1993. The record also shows that he pleaded guilty to domestic battery in Illinois on December 21, 1993; did not report to his probation officer in Illinois after January 4, 1994 (this was after he pleaded to an offense in Illinois that could have been found to have been in violation of his probation); violation reports were filed with the trial court on February 16, 1994 and February 19, 1994;[7] on April 6, 1994, the court set the matter for "disposition" on May 4, 1994; on April 13, 1994, an attorney entered his appearance for Probationer in this matter; on June 8, 1994, the court set the matter for July 6, 1994, but Probationer failed to appear on that date; and a capias warrant was issued. This all occurred prior to the expiration of the term of his probation which was January 8, 1995. As suggested in *Limback* and *Wesbecher* one way of demonstrating "some affirmative manifestation of an intent to conduct a revocation hearing" under such circumstances is the issuance of a capias warrant.

There is evidence that Probationer had notice of the violation reports, which were filed, and the setting of the matter for "disposition," especially since the record shows that he admitted that he came to court twice in response to the January 5, 1994 violation report. In this regard, we also note that Probationer had earlier reported to the court in response to other violation reports, and his probationary status had been reviewed but continued. It is,

---

**7.** The docket entry says the violation report on February 16 was a "copy," but it is not clear if these reports reported the same or different incidents.

therefore, apparent that Probationer would have known that an appearance before the court after the filing of violation reports would include a review of his probationary status.

We also note that an attorney with the public defender's office entered an appearance in his behalf. This appearance was against the backdrop that when a probationer's status is jeopardized, due process entitles the probationer to representation by legal counsel. *Cochran,* 799 S.W.2d at 922. While, as noted by Respondent, there may have been no indication of the specific purpose for which the appearance was entered, the fact remained that the appearance was in this particular case and the only matters then before the court were the violation reports and settings in response to them.

The trial court apparently believed it was compelled to sustain Probationer's motion as a matter of law because compliance with the "affirmative manifestation of an intent to conduct a revocation hearing" provision of § 559.036.6 required the filing of a motion to revoke probation, or the suspension or setting aside of probation, along with notice to him of those actions, all within the probationary term. We conclude that that conclusion is incorrect and a misapplication of the law. The filing of a formal motion, an order suspending or setting aside the probation, and the issuance of notice to Probationer would have, as indicated in *Williams,* been meaningless since he had apparently absconded and his whereabouts were unknown. 927 S.W.2d at 906. Under the circumstances here, setting hearings after the filing of violation reports, and issuing a capias warrant, all before the probationary period expired, constituted an affirmative manifestation of an intent to conduct a revocation hearing within the meaning of § 559.036.6. Accordingly, the trial court has jurisdiction to consider the revocation of this probation based on events occurring before the expiration of the original probationary period.

Respondent is not compelled as a matter of law to sustain Probationer's motion. Our preliminary order in prohibition is made permanent.

PREWITT, J., and BARNEY, C.J., concur.