Bernice M. STARRY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 71557.

Missouri Court of Appeals, Western District.

Aug. 31, 2010.

Craig A. Johnston, Columbia, MO, for appellant.

Shaun J. Mackelprang and Dora A. Fichter, Jefferson City, MO, for respondent.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, THOMAS H. NEWTON, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Bernice Starry appeals the judgment order denying her Rule 24.035[1] motion after her probation was revoked and she was remanded to the custody of the Missouri Department of Corrections. We reverse and remand.

## Factual Background

On October 22, 2001, Starry pled guilty in Miller County Circuit Court to the class C felony of possession of a controlled substance (more than thirty five grams of marijuana), Section 195.202.[2] Pursuant to her guilty plea, the circuit court sentenced Starry to five years in the Missouri Department of Corrections, with execution of the sentence suspended, and she was placed on five years of probation.

On October 17, 2006, a probation violation hearing was held, which eventually led the circuit court on April 16, 2007, to extend Starry's probation for one year.[3]

On November 6, 2007, the circuit court issued a warrant for Starry's arrest, and on June 17, 2008, the Court revoked her probation and ordered Starry to serve her prison sentence.

Starry filed a *pro se* motion for post-conviction relief on October 22, 2008, which was subsequently amended by counsel. After Starry waived an evidentiary hearing, the motion court issued its Findings of Fact, Conclusions of Law, and Judgment on September 16, 2009, which denied Starry's post-conviction relief motion.

## Standard of Review

In determining whether the motion court erred in denying Starry's motion for post-conviction relief, our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). Error is clear when the record definitely and firmly indicates that the circuit court made a mistake. *State v. Johnson,* 901 S.W.2d 60, 62 (Mo. banc 1995).

## Analysis

In her sole Point Relied On, Starry argues that the circuit court erred in denying her post-conviction relief motion because, *inter alia,* the circuit court exceeded its statutory authority in revoking her probation in 2008 because pursuant to Missouri law the total time on any felony probation, including extension,

---

1. Unless otherwise indicated, rule citations are to the Missouri Rules of Criminal Procedure (2010).

2. All statutory citations are to RSMo 2000 as updated through the 2009 Cumulative Supplement, unless otherwise indicated.

3. Starry challenges whether the circuit court was empowered to so extend her probation pursuant to Missouri law. For the reasons explained below, we need not reach this disputed issue.

shall not exceed five years plus one additional year, resulting in her probation expiring on October 21, 2007, before the probation violation and warrant were filed on November 6, 2007. We agree.

Section 559.016 makes clear that the maximum time Starry could be placed on probation was six years, when it states the following:

1. Unless terminated as provided in section 559.036, the terms during which each probation shall remain conditional and be subject to revocation are:

(1) A term of years not less than one year and not to exceed five years for a felony;

. . . .

3. The court may extend a period of probation, however, no more than one extension of any probation may be ordered except that the court may extend the total time on probation by one additional year by order of the court if the defendant admits he or she has violated the conditions of his or her probation or is found by the court to have violated the conditions of his or her probation. *Total time on any probation term, including any extension, shall not exceed the maximum term as established in subsection 1 of this section plus one additional year* if the defendant admits or the court finds that the defendant has violated the conditions of his or her probation.

(Emphasis added.) [4]

Section 559.036.2, which also pertains to the duration of probation, repeats this prohibition that "[t]otal time on any probation term, including any extension shall not exceed the maximum term established in section 559.016." *See also Andrews v. State,* 282 S.W.3d 372, 377 (Mo.App. W.D. 2009).

■ "Jurisdiction to revoke probation normally ends when the probationary period expires." *Stelljes v. State,* 72 S.W.3d 196, 200 (Mo.App. W.D.2002).[5] Once the term of probation expires, the circuit court has no authority over a probationer " 'for any purpose, whether to cite him for probation violations, revoke probation, or order execution of the sentence previously imposed.' " *State ex rel. Limback v. Gum,* 895 S.W.2d 663, 664 (Mo.App. W.D.1995) (quoting *State ex rel. Musick v. Dickerson,* 813 S.W.2d 75, 77 (Mo.App.1991)).

■ Here, Starry was placed on a five year term of probation on October 22, 2001. "A term of probation commences on the day it is imposed." Section 559.036.1. Even when assuming that the circuit court properly extended her probation for an additional year, Starry's probation expired on October 21, 2007. Thereafter, the circuit court did not have statutory authority over Starry to revoke her probation.

---

4. Section 559.016 was amended in 2005 to allow courts to extend a five year term of probation for one year; however, because the parties do not dispute that the amended version of the law is applicable to resolve the instant dispute we need not delve into the merits of whether the amended version of the statute should be applied "retroactively" to probationers who pled guilty and were placed on probation prior to the amendment.

5. "Though the cited cases use the word 'jurisdiction,' we read them in light of *J.C.W. ex rel.*

*Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), to be that the court has exceeded its statutory authority. *Id.* at 253 (making clear that prior cases labeling mere error to be "jurisdictional" no longer should be followed as there are only two types of jurisdiction in Missouri state courts: personal and subject matter.)." *State ex rel. Whittenhall v. Conklin,* 294 S.W.3d 106, 108, n. 2 (Mo.App. S.D.2009). Starry's proper "claim is that the court exceeded statutory authority." *Id.*

We are cognizant of the fact that the "power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period." Section 559.036.6. In this case, the circuit court indisputably took no affirmative action to revoke Starry's probation until November 6, 2007, when it issued an arrest warrant for Starry, which was *after* Starry's probation period expired as a matter of law on October 21, 2007. By waiting until November 6, 2007, to take action on her probation case, the circuit court lost the statutory authority to revoke Starry's probation and to order her to serve her five year sentence. *Id.; see also Wesbecher v. State*, 863 S.W.2d 2, 5 (Mo.App. E.D. 1993) ("[A]ny action taken by the trial court following that date is absolutely void" if "the formal revocation procedures were [not] initiated during the probationary period.").[6]

The State advances two separate theories to support its argument that the court had authority to hold the probation revocation hearing on June 17, 2008, neither of which has any merit. To begin, the State

argues the Starry waived this issue by failing to raise the claim in her motion before the motion court. The State argues Starry's argument on appeal is different from the grounds she asserted in her post-conviction motion. Rule 24.035(d) states that the motion "shall include every claim known to movant for vacating, setting aside, or correcting the judgment or sentence." Here, Starry's amended motion set forth the very argument advanced on appeal, namely that "[t]he trial court lacked jurisdiction to revoke Movant's probation and execute sentence because Movant's probationary term had already expired, and the Court's jurisdiction was not extended by operation of Section 599.036.6."

The State seizes on the language of one sentence in Starry's amended 24.035 motion to support its theory that this claim was somehow waived. Specifically, the State highlights the argument in the motion that "Movant's extended one-year probationary period had expired *two* months before the Court held a hearing and entered an order of revocation on June 17, 2008." (Emphasis added.) But the fact that Starry's probation had actually expired nearly eight months prior to the court's order of revocation does not *help* the State because it fails to cite to any persuasive authority that this discrepancy somehow precludes Starry's claim on appeal.[7] Ultimately, the circuit court was

**6.** Although the language in *Wesbecher* uses the word "void," in light of *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009) the actions taken by the trial court were in excess of its statutory authority.

**7.** The State cites to our holding in *Bode v. State* in an attempt to support its argument. That case is easily distinguishable from the instant matter for numerous reasons, including the fact that we held in *Bode* that appellant was not entitled to relief on his 29.15 motion because "appellant only claims gener-

ally that a motion for a new trial should have been filed, without specifying the underlying trial errors on which the motion should have been made," and that therefore "there is no way of ascertaining whether the motion, if made, would have been granted, such that the appellant failed to allege deficient performance of trial counsel requiring post-conviction relief." 203 S.W.3d 262, 268 (Mo.App. W.D. 2006). Here, in contrast, Starry made a specific legal claim in her Rule 24.035 motion, pursuant to which she is entitled to relief.

placed on notice by Starry's post-conviction relief motion that she claimed when the court revoked Starry's probation it acted outside of its statutory authority.

Finally, the State argues "the court's jurisdiction to revoke appellant's probation did not expire on October 21, 2007, because the court suspended appellant's probation twice by issuing warrants for appellant's arrest." The State does not dispute that the warrant in question here was not issued until November 6, 2007, which was after Starry's probation expired on October 21, 2007 (during a time when her probation was *not* suspended). However, because the circuit court issued warrants for Starry for alleged violations of probation at various times during her six years on probation, the State argues that this somehow empowered the court to retain statutory authority over Starry beyond the six year maximum period dictated by Section 559.016. Basically the State argues

that each period for which there was a warrant out for a probation violation that the probation was stayed and these periods are added to the end of the probation.[8]

 The State fails to cite any authority to support this proposition, and for good reason because Section 559.016.3 is unambiguous that "[t]otal time on any probation term, including any extension, *shall not* exceed the maximum term as established in subsection 1 of this section [five years] plus one additional year." *Id.* (emphasis added); *see also State ex rel. Limback*, 895 S.W.2d at 664 (holding that Section 559.016 and 559.036, prior to the 2005 amendments, "clearly establish that the maximum time which relator could be placed on probation was five years").[9] Indeed, we expressly rejected a similar tolling argument in *State ex rel. Limback v. Gum*, 895 S.W.2d 663, 665 (Mo.App. W.D.1995) ("In response to this chronological barrier to

**8.** The State also cites language added to Section 559.036.5 in 2005 to support its argument that the running of Starry's probation was suspended by the issuance of the various arrest warrants for probation violations in 2006 and these periods for which probation was suspended should be added to the end of the probation term. The State's argument is flawed, however, even if we assume that the 2005 statutory amendment can be applied to Starry's probation, which commenced in 2001. The language of Section 559.036.5 on which the State relies provides that if the court is notified of a probation violation, "the court may immediately enter an order suspending the period of probation and may order a warrant for the defendant's arrest." The statutory language makes clear that "an order suspending the period of probation" is separate and distinct from "a warrant for the defendant's arrest." In 2006 the court issued various warrants for the defendant's arrest, but nothing in the record indicates that the court also entered an order suspending the period of Starry's probation. We reject the State's argument that, that under the 2005 amendment to Section 559.036.5, simply by issuing an arrest warrant that the court has

effectively suspended the term of Starry's probation.

**9.** We do not wish to insinuate that there are no circumstances under which a defendant can remain under the circuit court's supervision on probation beyond this time period. For example, in *Williams v. State*, the Southern District dealt with the situation wherein defendant had absconded from the jurisdiction while on probation. 927 S.W.2d 903, 904 (Mo.App. S.D.1996). Notwithstanding the fact that the defendant in *Williams* was placed on a five year term of probation in April 1986, the Court properly concluded that the circuit court retained statutory authority to revoke defendant's probation in March 1993 in light of the fact that defendant had absconded to California and was not apprehended until January 1993. *Id.*

What makes *Williams* distinct from the instant case is that while the probationary period in *Williams* was ongoing, in July 1986, the trial court suspended the defendant's probation and issued a warrant. *Id.* Here, the trial court failed to suspend Starry's probation until *after* her term of probation had expired as a matter of law.

jurisdiction, respondent contends that relator's probationary period did not really expire on April 27, 1992, because the running of the probationary period was 'tolled' from November 26, 1990 through March 29, 1993, and from November 22, 1993 through August 13, 1994, when relator was subject to outstanding capias warrants. Respondent, however, cites no legal authority in support of his summary contention that the running of the probationary period can somehow be 'tolled' by such circumstances.").

For all of these reasons, we conclude that that the motion court's judgment, which denied Starry's post-conviction relief motion, was clearly erroneous.

## Conclusion

The motion court's denial of Starry's claim is reversed, and the cause is remanded with instructions to enter an order vacating the judgment revoking her probation and discharging Starry from incarceration in this matter.

All concur.