

# Missouri Court of Appeals

### Southern District

#### In Division

LAMAR JOHNSON,                )
                             )
        Appellant,           )
                             )   No. SD37417
    vs.                      )
                             )   FILED: November 15, 2022
STATE OF MISSOURI,           )
                             )
        Respondent.          )

### APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

#### Honorable R. Zachary Horack, Judge

### **AFFIRMED**

Lamar Johnson ("Movant") appeals the motion court's denial, following an evidentiary hearing, of his Rule 24.035[1] amended post-conviction relief ("PCR") motion claiming the plea court lacked "jurisdiction or authority" when it revoked his probation and executed his sentence for the class B felony of possession of a controlled substance with the intent to distribute. *See* section 195.211.[2] In his sole point, Movant asserts the denial was clearly erroneous because the plea court's revocation occurred after his probationary term had expired and the court failed to

---

[1] All rule references are to Missouri Court Rules (2022).
[2] All references to section 195.211 are to RSMo Cum.Supp. (2003). Unless otherwise indicated, all remaining statutory references are to RSMo (2016), including, as applicable, statutory changes that went into effect on January 1, 2017.

follow the statutory prerequisites to retain its authority post-expiration. Because Movant's point is without merit, we affirm.

## Standard of Review

We review the "denial of [PCR] under Rule 24.035 to determine if the [motion] court's findings of fact and conclusions of law are 'clearly erroneous.'" ***Ross v. State***, 335 S.W.3d 479, 480 (Mo. banc 2011) (quoting ***Roberts v. State***, 276 S.W.3d 833, 835 (Mo. banc 2009)). Such "findings and conclusions are clearly erroneous only if, after reviewing the entire record, the Court is left with a definite and firm impression that a mistake was made." ***Id.*** "We presume that the motion court's findings are correct; thus, the appellant bears the burden of demonstrating clear error." ***Thompson v. State***, 449 S.W.3d 53, 57 (Mo.App. 2014).

## Factual and Procedural Background

On June 19, 2015, Movant pled guilty in three cases. In 14SO-CR01157-01, the case that gave rise to these PCR proceedings, Movant pled guilty to possession with the intent to distribute. The circuit court sentenced him on that charge to ten years imprisonment, suspended the execution of that sentence, and placed him on probation for a period of five years. Movant also pled guilty and was placed on probation in 12SO-CR01176-02 and 13SO-CR01530-02, both of which stemmed from Movant's failure to pay child support.

On December 15, 2017, the Board of Probation and Parole ("the Probation Board") filed an information report with the plea court stating, in pertinent part, that (1) under the earned compliance credit ("ECC") provisions of section 217.703,[3] Movant has "earned" and "optimal"

---

[3] "The division of probation and parole shall award [ECC] to any offender who is . . . [o]n probation, parole, or conditional release for . . . an offense previously listed in chapter 195. . . ." Section 217.703.1(2). "[ECC] shall reduce the term of probation, parole, or conditional release by thirty days for each full calendar month of compliance with the terms of supervision." Section 217.703.3. "At least twice a year, the division shall calculate the number of months the offender has remaining on his or her term of probation, parole, or conditional release, taking into consideration any [ECC], and notify the offender of the length of the remaining term." Section 217.703.9.

2

discharge dates[4] of July 29, 2018, and April 1, 2018, respectively; and (2) Movant "currently has a failure to appear warrant issued for his two child support cases, 12SO-CR01176-02 & 13SO-CR01530-02." The plea court entered a docket entry on the same day stating, "Probation and [ECC] Suspended, Warrant Ordered . . . ."

In January of 2018, the Probation Board filed another information report concerning Movant. In late March of 2018, Movant was apprehended and, thereafter, posted bond. On May 10, 2018, Movant failed to appear for a scheduled hearing. Again, the plea court suspended Movant's probation and issued a capias warrant for his arrest.

In June of 2018, Movant was apprehended and taken into custody. On June 14, 2018, Movant, who at that time remained in custody, appeared before the plea court. The plea court entered a docket entry stating: "Probation and ECC remains suspended. Defendant advised the court he could make $100.00 per month plus child support. Defendant ordered released today on his personal recognizance."

On July 20, 2018, Movant failed to appear for a scheduled hearing. Three days later, on July 23, 2018, the plea court again issued a capias warrant for Movant's arrest.

In August of 2018, while Movant remained at large, a report was filed alleging that Movant had incurred a probation violation. On October 10, 2018, Movant was apprehended and taken into custody. On October 17, 2018, the State filed a motion to revoke Movant's probation because "[o]n or about April 3, 2018, State of Missouri filed a Complaint for Felony charging [Movant] with the Felony of Possession of Controlled Substance in New Madrid County Case Number 18NM-CR00303." The plea court scheduled a probation violation hearing for

---

[4] An "earned discharge date" "is the date under existing circumstances by which the offender has earned release from supervision even if he or she does not accrue any more months of ECCs." ***State ex rel. Jones v. Eighmy***, 572 S.W.3d 503, 505 (Mo. banc 2019). "An optimal discharge date assumes the probationer continues to accrue ECCs without interruption." ***State ex rel. Jonas v. Minor***, 602 S.W.3d 189, 191 n.3 (Mo. banc 2020).

November 29, 2018.  Thereafter, in late October of 2018, another probation violation report was filed alleging that Movant had incurred two additional violations.

On November 28, 2018, the State filed an amended motion to revoke Movant's probation along with a motion for a continuance stating that "[Movant] and the defense counsel need time to review these allegations and probation violation reports."[5]  Movant's probation violation hearing was rescheduled for January of 2019, then rescheduled for March of 2019, and rescheduled again for April of 2019.

On April 19, 2019, Movant appeared for the scheduled probation revocation hearing. Ultimately, in each of the three aforementioned cases, the plea court revoked Movant's probation and executed his sentence.  As to 14SO-CR01157-01, the plea court found that Movant was in violation of the following conditions of his probation:  "#1 – LAWS, #7 – WEAPONS, #6 – DRUGS, #11 – SPECIAL CONDITIONS, #8 – REPORTING/DIRECTIVES[.]"

Movant, thereafter, timely filed PCR motions claiming, *inter alia*, that "[t]he [c]ourt was without jurisdiction or authority to revoke [his] probation in 14SO-CR01157-01, as his probation period had already ended."  In pertinent part, Movant alleged he "accumulated [ECC] by operation of law pursuant to [section] 217.703. . . that effectively caused [his] term of probation to expire July 29, 2018."

The motion court took judicial notice of the underlying post-conviction and associated criminal files and issued a judgment.  In pertinent part, the motion court agreed with Movant that

---

[5] The quoted language attributed to the State's motion for a continuance is taken directly from the motion court's judgment.  Several documents referenced in this opinion, including the January 2018 Probation Board information report, the August 2018 probation violation report, the October 2018 probation violation report, and the State's November 2018 motions, although the plea court docket reflects that they were filed, were not included in the legal file provided to this Court.  "When a document is not included in the legal file we may nevertheless proceed to hear an appeal, so long as the absence of the document does not hinder our ability to review the claims of error." *Washington-Bey v. State*, 568 S.W.3d 909, 912 n.2 (Mo.App. 2019).

he was allowed to accumulate ECC and that "[i]n reports by [the Probation Board] filed in December 2017, Movant's optimal discharge date was April 1, 2018, but his *earned discharge date* was July 29, 2018."[6] However, the motion court determined that the plea court retained its authority to subsequently revoke Movant's probation, under the provisions of section 559.036.8,[7] in that "[t]he [plea] Court clearly manifested intent to revoke probation" and "did in fact make every reasonable effort to notify Movant and conduct a hearing prior to the conclusion of Movant's probationary period."

Movant timely appeals.

## Discussion

"If a defendant violates his or her probation, the court may revoke it." ***State ex rel. Strauser v. Martinez***, 416 S.W.3d 798, 801 (Mo. banc 2014) (citing sections 559.036.3 and 559.036.5). "But the court's authority to do so only extends through the duration of the probation term." ***Id.*** (citing section 559.036.8). "When the probation term ends, so does the court's authority to revoke probation." ***Id.*** However, "[s]ection 559.036.8 allows the court to extend this authority if certain conditions are met." ***Id.*** These statutory requirements apply when ECCs are applied to shorten a term of probation. *See **State ex rel. Culp v. Rolf***, 568 S.W.3d 443, 450 (Mo.App. 2019) (holding that "the circuit court must hold a probation revocation hearing within the probationary term as shortened by an offender's [ECCs], or else satisfy the conditions described in [section] 559.036.8").

Under section 559.036.8, "[t]he power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is

---

[6] In his PCR motions, Movant made no allegation that he obtained his optimal discharge date of April 1, 2018, or any other discharge date prior to his earned discharge date of July 29, 2018.

[7] Section 559.036 is discussed in greater detail, *infra*.

reasonably necessary for the adjudication of matters arising before its expiration, provided" (1) "that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period" and (2) "that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period."[8]

Here, in his sole point relied on, Movant contends:

> The motion court clearly erred in denying [Movant]'s motion for post-conviction relief which alleged that the [plea] court lacked jurisdiction on April 19, 2019, to revoke [Movant]'s probation in 14SO-CR01157-01, in that the record demonstrates [Movant]'s probationary term had already expired prior to that date through the accumulation of earned compliance credits and that the [plea] court failed to retain authority to revoke beyond that date by both manifesting its intent to conduct a revocation hearing before the probation term ended and making every reasonable effort to notify [Movant] and conduct the hearing before the term ended.

We disagree.

We begin, as did the motion court, with section 559.036.8's first requirement "that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period[.]"  In addressing this requirement, the motion court cited and relied on the legal principle, stated in *State ex rel. Zimmerman v. Dolan*, 514 S.W.3d 603, 608 (Mo. banc 2017), that "[t]he issuance of a capias warrant and suspension of the probationary term are affirmative manifestations of the circuit court's intent to conduct a probation revocation hearing."  Here, the motion court observed that the plea court, prior to Movant's earned discharge date of July 29, 2018, suspended Movant's probation *and* issued several capias warrants for his arrest.  These actions by the plea court were affirmative manifestations of intent to conduct a probation revocation hearing under *Zimmerman*.

---

[8] Prior to 2012, the aforementioned statutory language regarding probation revocation was found in section 559.036.6 instead of section 559.036.8.  *See* section 559.036.6, RSMo 2000. Although some of the language quoted in this opinion is from cases discussing the previous version of the statute, the relevant statutory language has not changed.

Movant does not address ***Zimmerman*** or the motion court's findings pertaining to it. Movant, instead, appears to suggest that without a formal notice of a probation violation or formal motion to revoke, the plea court could have no basis, and therefore no intent, to revoke his probation. Specifically, Movant observes that "no probation violation report was filed until August 28, 2018" and "the first formal motion to revoke [Movant]'s probation was not filed until October 17, 2018"—both of which occurred after Movant's earned discharge date.[9]

Movant's argument is misplaced "[T]here is no clear cut, bright line rule as to what an affirmative manifestation of intent to conduct a revocation hearing entails." ***State ex rel. Stimel v. White***, 373 S.W.3d 481, 484 (Mo.App. 2012). "*Some affirmative manifestation of an intent to conduct a revocation hearing*' does not necessarily require the filing of all documents that may ultimately be required to revoke probation." ***State ex rel. Cline v. Wall***, 37 S.W.3d 877, 880 (Mo.App. 2001). Additionally, "this language does not expressly provide that the manifestation of an intent to conduct a revocation hearing include the alleged violations on which revocation is sought." ***Cline v. Teasdale***, 142 S.W.3d 215, 222 (Mo.App. 2004). Moreover, Movant ignores that the capias warrants for his arrest were each issued for a failure to appear in court, which, in and of itself, is a probation violation. *See* 14 CSR 80-3.010(1) (requiring Movant obey "all the federal and state laws, municipal and county ordinances").

Accordingly, Movant has failed to demonstrate any clear error with regard to the motion court's first section 559.036.8 determination. Therefore, we turn to section 559.036.8's second requirement "that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period." In pertinent part, the motion court found that "after

---

[9] Although these and other documents alleging probation violations were filed *after* Movant's earned discharge date, Movant does not assert that they contain anything other than allegations of probation violations committed *before* his earned discharge date.

scheduling Movant for a review hearing on July 20, 2018, following his release, Movant once again failed to appear, and a capias warrant was issued" and "[t]hat warrant was not served until October 11, 2018."[10]  Based on the foregoing, the motion court labeled Movant as an "absconder" and compared the situation that the plea court faced with the situation in *Williams v. State*, 927 S.W.2d 903 (Mo.App. 1996).

In *Williams*, the probationer absconded, and the circuit court suspended his probation and issued a capias warrant during the probationary period.  *Id.* at 904.  The probationer was apprehended following the expiration of his probationary term, and the circuit court then revoked his probation.  *Id.*  On appeal, this Court rejected the probationer's claim that the circuit court lacked authority to revoke his probation.  *Id.* at 905-07.  As to whether every reasonable effort was made to hold the hearing, we stated it was impossible for the circuit court hold a hearing until the probationer was apprehended, and it did all it could do by issuing the capias warrant. *Id.* at 906-07.

Like *Williams*, Movant absconded prior to the expiration of his probationary term and was not apprehended until after the expiration of his probationary term.  However, the fact that, in this case, "every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period" under section 559.036.8 does not end our analysis.  "Section 559.036.8 recognizes that not all probation revocation-related matters can be resolved during the probationary period" and, therefore, "this section provides for the extension of the circuit court's authority over a probationer 'for any further period which is *reasonably necessary* for the

---

[10] The docket reflects that an entry was made by the plea court on October 11, 2018, showing that the warrant was served on October 10, 2018.

adjudication of matters arising before [the probationary period's] expiration[,]'" provided the

aforementioned conditions have been met. *Zimmerman*, 514 S.W.3d at 608 (emphasis added).

Thus, in order to consider whether the period involved in this case was "reasonably

necessary," we must review the following time-line of events occurring in 14SO-CR01157-01:

| July 23, 2018 | Capias warrant ordered for Movant's failure to appear. |
|---|---|
| August 28, 2018 | Probation violation report filed. |
| October 10, 2018 | Capias warrant served on Movant. |
| October 17, 2018 | Motion to revoke Movant's probation filed by the State alleging that, on or about April 3, 2018, a complaint was filed case number 18NM-CR0030 charging Movant with committing, on or about March 28, 2018, the felony of possession of a controlled substance in New Madrid County. |
| October 18, 2018 | Movant and the State appeared. Matter set for a revocation hearing on November 29, 2018. |
| October 29, 2018 | Two probation violation reports filed. |
| November 28, 2018 | Movant and Movant's attorney appeared. The State did not appear but had filed a motion to continue stating, in part, "The defendant [Movant] and the defense counsel need some time to review these allegations and probation violation reports." Movant filed no objection to said continuance and, as alleged in the motion, agreed to it. The revocation hearing was reset to January 25, 2019. |
| January 2, 2019 | Movant posted a cash bond. A judge/clerk note appears in the docket indicating Movant was in the Pemiscot County jail. |
| January 25, 2019 | The parties appeared. The cause was "passed" to March 29, 2019. The docket does not attribute this action to either party or itself. |
| March 29, 2019 | The State appeared, but Movant failed to appear. The docket noted Movant was in the Scott County jail. The case was re-set for a probation violation |

9

| | |
|---|---|
| | hearing on April 19, 2019. The plea court ordered the State to prepare a writ for Movant to appear in court. |
| April 19, 2019 | The parties appeared and a revocation hearing was held. Movant's probation revoked. |

As noted above, the plea court, following Movant's failure to appear on July 20, 2018, issued a *new* capias warrant for his arrest on July 23, 2018—six days prior to Movant's earned discharge date. This capias warrant, coupled with the ongoing suspension of Movant's probation, amounts to an independent manifestation of its intent to revoke Movant's probation. Movant was an absconder and it was impossible for the plea court to hold a probation revocation hearing.

We then look to the events occurring after Movant's apprehension to determine whether this "further period" was reasonably necessary for the adjudication of the matter pursuant to section 559.036.8. To the extent that Movant claims the delay in holding his revocation hearing once he was in custody, which occurred on October 10, 2018, until the revocation hearing on April 19, 2019, was *unreasonable*, we again consider *Martinez*. In *Martinez*, a consolidated writ of prohibition case, one of the defendants, Strauser, appeared a total of 37 times between when the revocation hearing was initially scheduled and when her probation ended. *Martinez*, 416 S.W.3d at 800. Another defendant, Edmonds, appeared 22 times, with each docket entry showing only that the case was reset for either a case review or a hearing to monitor payments. *Id.* The Court stated "[t]he issue in these cases is whether the trial court made every reasonable effort to conduct hearings on pending probation revocation motions prior to the expiration of Defendants' probation so as to have the authority to conduct the hearings after their probation terms ended under section 559.036.8." *Id.* at 801. *Martinez* is distinguishable in

that neither Strauser nor Edmonds requested the continuances. *Id.* at 803. In fact, Edmonds' case was continued four years after her probation ended. *Id.* at 804.

Here, the trial court never wavered in its intention to proceed to a revocation hearing once Movant was in custody on October 10, 2018. Further, there is nothing in the record that would indicate any unreasonable delay occurred for the six months until the hearing took place. Specifically, the trial court set this matter for a revocation hearing on November 28, 2018, which was the following month after his apprehension. The State filed a motion to continue the November 28, 2018, hearing stating in part, "[t]he defendant and the defense counsel need some time to review these allegations and probation violation reports." Movant's attorney did not contest that pronouncement. Movant is bound by his counsel's actions. *Miller v. State*, 558 S.W.3d 15, 22 (Mo. banc 2018).

The actions of Movant failing to abide by terms of probation, incurring additional violations, and being located in neighboring county jails, which necessitated a writ to be filed securing his ultimate attendance at the revocation hearing, all impacted the ability of the parties to bring the matter to a revocation hearing.

In sum, Movant has failed to demonstrate any clear error with regard to the motion court's determination that the plea court satisfied the required provisions of section 559.036.8 to revoke Movant's probation. Therefore, Movant's sole point is denied.

## Decision

The motion court's judgment is affirmed.

BECKY J. W. BORTHWICK, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JACK A. L. GOODMAN, C. J. – CONCURS

11